**EASTWOOD MODEL MARKET, Appellant,**

v.

**The STATE of Texas et al., Appellees.**

No. 10991.

Court of Civil Appeals of Texas.

Austin.

July 11, 1962.

Rehearing Denied Aug. 2, 1962.

Bruce Waitz, San Antonio, for appellant.

Will Wilson, Atty. Gen., Sam Lane, Asst. Atty. Gen., Austin, for appellees.

ARCHER, Chief Justice.

This is an appeal from a judgment in favor of the State, appellee herein, against Eastwood Model Market, a corporation, appellant, engaged in the retail grocery business, for the full amount sued for, aggregating $2,729.75 as unemployment compensation contributions unpaid, penalty and interest.

Eastwood began business on May 24, 1955 with Carl C. Waitz as President, principal stockholder and manager. On the 9th day of October, 1953, Waitz became the owner and operator of a grocery store known as Nolan Red & White and continued to operate this store until November 27, 1954 when he sold it to Manuel Z. Torreno on satisfactory terms and worked for Mr. Torreno for one month and then worked for Sweeney & Company, a wholesale grocery concern, for about five months. During a part of this time Sweeney was constructing a new store at Eastwood Village about two miles from the Nolan Store and was working out an arrangement so Waitz could take over the new location. The Sweeney & Company finances a large number of independent grocers and, in addition to selling them groceries, provides an accounting service. The concern kept the books of the Eastwood Model Market, prepared payroll, tax returns, etc.

The Eastwood Model Market was incorporated on May 24, 1955, with Carl C. Waitz as majority stockholder and his wife Edith M. Waitz and his father, George Waitz, Sr., as minority stockholders. Sweeney leased to Eastwood Model Market a large area at a weekly rate of $384.61 and the market was operated until it was sold to Sweeney. A new store was opened by Waitz in Mission, Texas, and the name of the corporation changed to Waitz Grocery Company, Inc. Waitz, as owner of the Nolan Red & White Store established an experience rate of 0.5%

There was no joint application made by Waitz as a predecessor employer and the Eastwood Model Market, a corporation, as is required by the statute, Art. 5221b, Vernon's Ann.Civ.St. and appropriate sections, particularly section 7, with its amendments. All reports and forms submitted to the Texas Employment Commission were filled out for the corporation by Waitz as an individual as owner. The Market continued to use the experience rate established by Waitz with the approval of the Commission and contributions, based on such experience rate, were accepted.

When knowledge came to the Commission that Eastwood Model Market, a corporation, was not Carl C. Waitz doing business under that name but a new corporate entity, the Commission charged back to such new entity the tax that had accrued to it by law as a new business, less credit for 0.5% already paid.

This suit was filed and on trial, judgment was rendered against appellant.

The appeal is founded on six points and are to the effect that the Court erred in holding that appellant was a new employer not entitled to inherit the experience rating of Waitz, in not holding that the corporation was the alter ego of Waitz, in not disregarding the corporate fiction, in not piercing the corporate veil of Eastwood Model Market, and in holding that the appellant corporation and Carl C. Waitz were two employing units and not one.

We do not believe that the Trial Court erred in not holding that the corporation was the alter ego of Carl C. Waitz, its President and a majority stockholder, but believe that in order for the corporation to succeed to and acquire the experience rate of Carl C. Waitz individually, the requirements of the Compensation Act governing the transfer of experience rating from predecessor employer to a successor employer had to be complied with.

■ In order for the Trial Court to have disregarded the legal fiction of the entity the circumstances must be such as where the fiction is used as a means of perpetrating a fraud. First National Bank in Canyon v. Gamble (opinion adopted by Sup.Ct.), 134 Tex. 112, 132 S.W.2d 100, 125 A.L.R. 265; Pace Corporation v. Jackson, 155 Tex. 179, 284 S.W.2d 340.

■ There is no evidence or intimation that the corporation was organized or operated to sanction fraud or promote injustice, but that such was operated in good faith. A corporation cannot be used when it benefits the stockholders and officers and be disregarded when it is to the advantage of the organizers to do so. The appellant corporation had to be either a new business or a successor business, and if it was a new business, by law, it had to receive a rate of 2.7% and if it was a successor business, the requirements of subsec. 5(c) (7) of Art. 5221b, V.A.C.S., then in effect, were not complied with so as to entitle appellant to the experience rating theretofore existing for Carl C. Waitz.

Sharfstein v. Texas Employment Commission, Tex.Civ.App., 245 S.W.2d 545, error ref., N.R.E.

The judgment of the Trial Court is affirmed.

Affirmed.