**EASTWOOD MODEL MARKET, Petitioner,**

v.

**The STATE of Texas et al., Respondents.**

No. A–9224.

Supreme Court of Texas.

March 20, 1963.

Bruce Waitz and V. H. McFarland, San Antonio, for petitioner.

Will Wilson, Atty. Gen., Austin, Sam Lane, Asst. Atty. Gen., for respondents.

GRIFFIN, Justice.

This is a suit brought by petitioner, as plaintiff, against respondents, as defendants, seeking a refund of an alleged overpayment of contribution payments by plaintiff to the Unemployment Compensation Fund. The cause was tried without a jury. At the end of the testimony and argument of counsel, judgment was rendered in favor of defendants. The trial Judge filed no findings of fact nor conclusions of law, and none were requested. On appeal by plaintiff, the Court of Civil Appeals affirmed the trial court's judgment in 359 S.W.2d 294.

Plaintiff is contending in this court that although it was a duly incorporated corporation, in truth and in fact it was only the "alter ego" of one Carl C. Waitz, its sole stockholder, who, at the times herein involved, had an earned and recognized Unemployment Experience rating of 0.5%, to which the plaintiff was entitled instead of the 2.7% rating applied against plaintiff by the Texas Employment Commission. The difference in the rating amounts to the refund for which suit was brought. We hold that our Unemployment Compensation Act contains no provision whereby a corporation operating as the "alter ego" of an individual is automatically entitled to have the unemployment experience rating of the individual.

There is little dispute as to the facts. Up to November 27, 1954, Carl C. Waitz was engaged in the grocery business in San Antonio, Texas, under the trade name of Nolan Red & White Store. This business was a sole proprietorship, wholly owned and operated by Carl C. Waitz.

Carl Waitz was a successful and efficient grocer. About November, 1954, Sweeney & Company had leased a location in a new shopping center, known as Eastwood Village, being developed in San Antonio. Sweeney, desiring to move Waitz to a larger store, found a purchaser for the stock of goods and fixtures of Nolan Red & White Store. Carl C. Waitz sold out his

grocery business, including the trade name, to this purchaser. Sweeney required that Waitz form a corporation to own and operate the business.

Plaintiff opened for business in May of 1955, and it had as a part of its employees, five to eight of the department heads which Waitz had when he operated Nolan Red & White store. In addition, plaintiff had a large number (40–50) of other employees who had never previously been employed by Waitz.

The pertinent parts of the Texas Unemployment Compensation Act (Art. 5221b, Vernon's Texas Civil Statutes) will be referred to by the designations given them at the time of this controversy, rather than by their designations under the Act as amended to date of this writing.

There is no controversy that Waitz was an employing unit while he operated under the name of Nolan Red & White Store. The plaintiff was also an employing unit as defined in the Act. Sec. 19(e) of the Act as pertinent to our inquiry, defines an employing unit as any individual or type of organization, including any partnership, association, trust, estate, joint stock company, insurance company, or corporation, whether domestic or foreign, which has in its employ one or more individuals performing services for it within this state.

Carl Waitz, so long as he should do business as an individual had the right to his earned experience rating unless he transferred that rating to another "employing unit" under the terms of the Act.

The facts we have set out above demonstrate that plaintiff corporation, Eastwood Model Market, was not doing business as Carl Waitz, an individual. Carl Waitz did not transfer his individual experience rating to plaintiff.

Sec. 7(c) (7) of the Act provides the only means whereby Waitz could transfer his rating to the plaintiff corporation. Plaintiff admits that it is not entitled to Waitz' ex-

perience rating as a successor employing unit. Therefore, plaintiff is not entitled to have the same experience rating as Carl Waitz, individually, was entitled to receive. Not having shown that it was entitled under the law to Carl Waitz' individual experience rating, plaintiff was properly charged under Sec. 7(c) (1) with a contribution rate of 2.7%.

Plaintiff relies upon certain language contained in the cases of State v. Ratliff (1947, Tex.Civ.App.), 200 S.W.2d 645, writ refused, and on the concurring opinion in Raymond Pearson Motor Co. v. Texas Employment Commission (1952, Tex.Civ.App.), 247 S.W.2d 429, writ refused, n. r. e.

The Ratliff case involved the construction of the statutory definition of "employer" under certain provisions of the Act. That case specifically states it does not base its opinion on ownership of a majority of stock in a corporation. The decision was based on the fact that the defining statute expressly provided that if one employing unit is indirectly controlled by some other employing unit then the two units shall be treated as a single employing unit.

The concurring opinion in the Raymond Pearson case was written by its author with the hope that the Supreme Court would reconsider its former opinion and join the dissent of Associate Justice Smedley in State v. Dallas Liquor Warehouse No. 4 (1949), 147 Tex. 495, 217 S.W.2d 654; and Texas Unemployment Compensation Commission v. General Engineering Corp. (1949), 147 Tex. 503, 217 S.W.2d 659.

When the Pearson case reached this court, in spite of the plea of the concurring opinion that the law be changed, the court, with Justice Smedley then a member, refused to change its former holding and noted on the Application for Writ of Error, "Refused, n. r. e."

Plaintiff relies on some out-of-state cases which it regards as in point. We do not choose to follow these cases. We have carefully read our Act, and we find no pro-

vision therein authorizing a corporation operating as the "alter ego" of an individual to have the individual's unemployment experience rating without a transfer, in accordance with the terms of the Act, from such individual. We find no authority whereby we can pierce the corporate veil of plaintiff in order to give it credit for Waitz' unemployment experience rating.

The judgments of both courts below are affirmed.