**David SIMS, Appellant,**

v.

**WESTERN WASTE INDUSTRIES, Appellee.**

**No. 09–94–223 CV.**

Court of Appeals of Texas, Beaumont.

April 4, 1996.

Rehearing Overruled May 3, 1996.

Mark D. Haas, Mayes & Haas, Conroe, for appellant.

Larry S. Lee, Larry S. Lee & Associates, Houston, Douglas R. Drucker, Wetzel, Herron & Drucker, The Woodlands, for appellee.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

BURGESS, Justice.

David Sims appeals from a summary judgment in favor of Western Waste Industries. Sims was an employee of Western Waste Industries of Texas, Inc., (WWIT) a Texas corporation, when he injured his leg on the job. Sims worked as a "bumper" on a garbage truck that collected residential trash. Sims filed suit against Amrep, Inc., the manufacturer of the truck, and Western Waste Industries, Inc. (WWI), a California corporation and the parent corporation of WWIT. Both Amrep and WWI were allegedly involved in the design, manufacture and marketing of the truck involved in Sims' accident.

The trial court granted a motion for separate trial on the sole issue of whether WWI, as the parent corporation, was entitled to assert immunity as an alter ego of WWIT pursuant to the Texas Workers' Compensation Act (the Act). [TR I 11] This issue was tried to the bench and interlocutory judgment was entered for WWI on the issue of immunity. The trial court then granted WWI's motion for summary judgment on Sims' intentional tort claims and denied Sims' motion for a new trial. The trial court severed Sims' action against WWI from the remaining lawsuit, making the judgment final and appealable. Sims now brings this appeal.

In his first point of error, Sims contends the trial court erred in denying his motion for judgment and his motion for new trial because as a matter of law WWI could not be considered the alter ego of WWIT for purposes of Workers' Compensation employer immunity. From the inception of the litigation, WWI has urged that WWIT was a "mere conduit", its alter ego, and as such, WWI was the "real" employer of Sims and therefore entitled to assert immunity under the Act. Sims argues WWI's attempt at "reverse piercing" of the corporate veil must fail because Texas law does not permit it in this context. We agree.

Texas law makes workmen's compensation the exclusive remedy of workers against their employers. TEX.REV.CIV.STAT. ANN. art. 8306 § 3 (Vernon 1967) (repealed

1991) [1]. Nonetheless, the Act allows an injured worker to bring suit against a third party. *Id.* (Current version at TEX.LAB. CODE ANN. § 417.001). *Watson v. Glens Falls Ins. Co.,* 505 S.W.2d 793, 796 (Tex. 1974). "[A]n injured employee of a subsidiary corporation, who is estopped under an exclusive remedy provision in his state's workers' compensation act from suing his employer, may nonetheless bring a third-party claim against the subsidiary's parent or sibling corporation. Coverage of both parent and subsidiary corporations under the same workers' compensation insurance policy has little, if any, relevance to the issue of whether the parent corporation is the subsidiary corporation worker's employer." *Stoddard v. Ling–Temco–Vought, Inc.,* 513 F.Supp. 314, 325–326 (C.D.Cal.1980) (citations omitted).

Applying Texas law, the court in *Stoddard* found the general rule to be that absent exceptional circumstances, parent and subsidiary corporations were recognized as separate and distinct legal entities. *Id.* at 326. The court also found that principles of reciprocity require parent and subsidiary corporations that have taken advantage of Texas' recognition of their separateness to also be viewed as separate when sued by employees of the subsidiary. *Id.* After all, business enterprises have a choice in their corporate structure and reciprocal obligations arise as a result of the choice made. *Id.* The court noted the fiction is disregarded when the corporate form is used to defeat public convenience, justify wrongs or defend crime and that the corporate defendants were not claiming such exceptions applied to the issues in the case nor that the exception described the purpose of their own parent-subsidiary relationship. *Id.* at 326 note 4.

WWI contends no alter ego situation was found in *Stoddard* and therefore the court did not reach the issue of applying Workers' Compensation immunity to the parent corporation. This is a misreading of *Stoddard. Stoddard* found Texas law *does not allow* a parent to assert Workers' Compensation immunity through the subsidiary by means of reverse piercing. *Stoddard* correctly applied Texas law as evidenced by the cases discussed herein.

■■■ The Texas Supreme Court has held that the corporate fiction will be disregarded "when the corporate form has been used as part of a basically unfair device to achieve an inequitable result." *Castleberry v. Branscum,* 721 S.W.2d 270, 271 (Tex.1986), *overruled* by TEX.BUS.CORP.ACT art. 2.21A(3) (Vernon Supp.1996) to the extent that failure to observe corporate formalities and constructive fraud are no longer factors in proving alter ego in contract claims. "The purpose in disregarding the corporate fiction 'is to prevent use of the corporate entity as a cloak for fraud or illegality or to work an injustice, and that purpose should not be thwarted....'" *Id.* at 273 quoting *Gentry v. Credit Plan Corp. of Houston,* 528 S.W.2d 571, 575 (Tex.1975). The Court has subsequently held that "[w]here a corporate entity is owned or controlled by an individual who operates the company in a manner indistinguishable from his personal affairs *and in a manner calculated to mislead those dealing with him to their detriment,* the corporate fiction may be disregarded. *Mancorp, Inc. v. Culpepper,* 802 S.W.2d 226, 229 (Tex.1990) (emphasis added). "When the corporate form is used as an essentially unfair device— when it is used as a sham—courts may act in equity and disregard the usual rules...." *Matthews Const. Co., Inc. v. Rosen,* 796 S.W.2d 692, 693 (Tex.1990).

The courts of appeals have similarly recognized the corporate form is to be disregarded when the corporation is created to avoid a legal obligation, is used against public policy, or is used to perpetrate a fraud. *See Valley Mechanical Contractors, Inc. v. Gonzales,* 894 S.W.2d 832, 834 (Tex.App.—Corpus Christi 1995, no writ); *Crum & Forster, Inc. v. Monsanto Co.,* 887 S.W.2d 103, 147–148 (Tex.App.—Texarkana 1994, no writ); *Mortgage and Trust, Inc. v. Bonner & Co., Inc.,* 572 S.W.2d 344, 349 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.); *Siboney Corp. v. Dresser Industries, Inc.,* 521 S.W.2d 639, 642 (Tex.Civ.App.—Houston [1st Dist.] 1975, writ ref'd n.r.e.); *Eastwood Model Market v.*

---

*1.* Current version at TEX.LAB.CODE ANN. § 406.034

(Vernon Pamph.1996).

*State*, 359 S.W.2d 294, 296 (Tex.Civ.App.—Austin 1962), *affirmed*, 365 S.W.2d 781 (Tex. 1963). They have also recognized the reciprocal obligations owed when a corporation chooses to establish a subsidiary.

■ "Piercing" corporate structure is equitable relief and a concept central to such relief is that "a person seeking equity must come with clean hands." *Southwest Livestock & Trucking Co. v. Dooley*, 884 S.W.2d 805, 810 (Tex.App.—San Antonio 1994, writ denied). In *Dooley*, the court refused to allow the director of the corporation to rely upon the equitable principle of alter ego when that director participated in disregarding the corporate structure.

■ An attempt to pierce the corporate veil is a means of *imposing* liability on an underlying cause of action, not *escaping* it. *See Crum & Forster, Inc.*, 887 S.W.2d at 147. This court in *Adams v. Big Three Industries, Inc.*, 549 S.W.2d 411, 413 (Tex.Civ.App.—Beaumont 1977, writ ref'd n.r.e.) found that where an individual "deliberately chose to operate his business as a corporation, ... it would be inequitable now to allow him" to disregard the corporate fiction and pierce the corporate veil for his benefit. WWI claims *Adams* held the corporate fiction could not be disregarded because the corporation and the individual were "separate." This is correct. However, WWI ignores the fact that the court held them to be separate not because they in fact were separate, but because it would be inequitable to hold otherwise. The court focused on the choice Adams deliberately made to operate his business as a corporation and the inequity of allowing him to "pick and choose" when that business was a corporation. *Id.* "A corporation cannot be used when it benefits ... and be disregarded when it is to the advantage of the organizers to do so." *Eastwood Model Market*, 359 S.W.2d at 296.

WWI cites 2 A. Larson, *Workers' Compensation* § 72.50 (1984) as recognizing reverse piercing of the corporate veil in cases such as the present one and thereby conferring immunity upon the parent. WWI claims that "Larson's treatise has been relied upon repeatedly in Texas precedent," citing *Lujan v. Houston General Ins. Co.*, 756 S.W.2d 295, 297 (Tex.1988); *Ramirez v. Pecan Deluxe Candy Co.*, 839 S.W.2d 101, 107 (Tex.App.—Dallas 1992, writ denied); *Lawler v. Dallas Statler–Hilton*, 793 S.W.2d 27, 32 (Tex. App.—Dallas 1990, writ denied). A circumspect reading of these cases reveals that none of them "relied" upon Larson at all, and certainly not for the proposition that reverse piercing is acceptable to confer immunity upon a parent corporation in Workers' Compensation cases.

*Lujan* was a Workers' Compensation case but the issue in that case was whether the death was an injury sustained in the course of employment. Larson's treatise was cited for the term "delayed-action" used to described cases like *Lujan* where the injury was caused by the risk associated with employment but occurred after work hours and off the premises. The court went on to cite Texas courts which allowed recovery in such "delayed-action" cases. *Lujan*, 756 S.W.2d at 297.

Similarly, *Ramirez* was a Workers' Compensation case. It cited Larson's treatise for an explanation of the "dual capacity" doctrine. Ramirez was injured on the job by a machine and sued his employer and the machine manufacturer for intentional tort. The court in that case recognized that employer immunity under the Act does not exempt employers from liability for intentional injuries. *Ramirez*, 839 S.W.2d at 107.

*Lawler* also cites Larson's treatise—this time for the proposition that a member of a partnership is an employer of the employees of the partnership and entitled to Workers' Compensation immunity. *Lawler* 793 S.W.2d at 32. The court in *Lawler* cited numerous Texas cases for the proposition that with respect to a partnership, the individual partner is also an employer and not an employee within the meaning of the Workers' Compensation Act; therefore a partner could not sue as an employee for workers compensation benefits. The court went on to hold than individual partner is an employer for purposes of immunity under the Act. *Lawler*, 793 S.W.2d at 31.

None of these cases raise the issue of reverse piercing of the corporate veil and

none "relied" upon Larson's treatise for its decision. We are not persuaded by such cases to adopt, for the first time, Larson's proposition that parent corporations can inversely pierce the corporate veil and acquire Workers' Compensation immunity. Larson's treatise may very well advocate such a position, but we find no case, and WWI provides us with none, where a Texas court has adopted the same.

WWI relies upon *Lawler* and urges this court to apply its' reasoning to this case. In *Lawler*, the court recognized that "with respect to a partnership, Texas courts have held that where a partnership is an employer, the individual partner is also an employer and not an employee as contemplated by the Workers' Compensation Act." *Lawler*, 793 S.W.2d at 31. The court noted the issue had arisen in the context of a suit by a partner for workers' compensation benefits. *Id.* In *Lawler* there were two issues, whether the same was true of members of a joint venture and whether an individual partner or member were also employers for purposes of immunity under the Act. *Id.* The court noted that Texas law treats joint ventures as legal entities in the nature of a partnership and that joint ventures are governed by the same rules as partnerships. *Id.* at 33. The court, therefore, applied the same reasoning to joint ventures and held that an individual member of a joint venture is an employer of the joint venturer's employees for purposes of Workers' Compensation. *Id.* at 34. The court went on to hold that both individual partners and members are employers for purposes of immunity under the Act. *Id.* The court noted that to hold otherwise would run contrary to the rationale behind Workers' Compensation as the exclusive remedy of an employee against a subscribing employer and thereby thwart the legislative intent of the Act. *Id.*

An important feature of *Lawler* that cannot be ignored is that it applied partnership law to joint ventures. The legal distinctions between partnerships and joint ventures have virtually disappeared; therefore, it was not illogical that joint ventures should be treated similarly to partnerships as regards Workers' Compensation immunity. However-

er, it does not follow that corporations should therefore be treated like partnerships and joint ventures in the area of workers' compensation.

If corporations were treated like partnerships in such cases, would an employee be an employee of all subsidiaries and parents and would everyone under the corporate "umbrella" be immune from suit as a third party under Workers' Compensation? There is nothing in the Act to indicate this was the intent of the legislature. Partners in a partnership and members of a joint venture are held responsible by law for the acts and omissions of the partnership or joint venture. The benefit of immunity being "all for one and one for all" is accompanied by the obligation of liability being the same. However, parent and subsidiary corporations, absent exceptional circumstances and when it is in the interest of equity to do so, are not held accountable for the acts of the other; this is a primary motivation for incorporation.

We are not persuaded that the legislature ever intended parent corporations, who deliberately chose to establish a subsidiary corporation, to be allowed to assert immunity under the Texas Workers' Compensation Act by reverse piercing of the corporate veil they themselves established. WWI has accepted the benefits of establishing a subsidiary corporation in Texas and will not be allowed to disregard that entity now that it is to their gain to do so. We hold that Texas law does not permit a parent corporation to assert the alter ego theory of piercing the corporate veil of their subsidiary and thereby assert Workers' Compensation immunity as a defense to a suit by the subsidiary's employee. Point of error one is sustained. We reverse the judgment of the trial court and remand for trial.

REVERSED AND REMANDED.