David E. CARRIERE and
Jeffco Plumbing Co.,
Inc., Relators,

v.

The Honorable Milton G. SHUFFIELD,
Respondent.

No. 09–97–166 CV.

Court of Appeals of Texas,
Beaumont.

Submitted May 29, 1997.

Decided July 24, 1997.

John Werner, Reaud, Morgan & Quinn, Beaumont, for relators.

Paul W. Gertz, Germer & Gertz, Philip Babon, III, Strong, Pipkin, Nelson & Bissell, Beaumont, for real parties in interest.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

BURGESS, Justice.

This is a mandamus action. Relator David E. Carriere is plaintiff in a lawsuit brought against Charles A. Kiker, Jr. and Charles A. Kiker III, individually and D/B/A Kiker Cattle Co. (Defendants), for personal injury and property damage, including future lost earning capacity, following a collision between Carriere's vehicle and a cow owned by defendants. Defendants, the Real Parties in Interest on appeal, filed a Notice of Intention to Take Deposition by Written Questions of

the custodian of records for Jeffco Plumbing Co., Inc., Carriere's employer and Relator in this appeal. The notice further requested production of "any and all records as described on [sic] the attached questions and/or Exhibits(s) and any other such record in the possession, custody or control of the said witness, and every such record to which the witness may have access, pertaining to: David Carriere."[1] According to defendants, Jeffco is a corporation owned and operated by Carriere and his wife. Defendants state they are seeking the requested documents to determine "the size of the business, the capital and labor employed, the income drawn from the business, and [Carriere's] participation" to assess Carriere's "true" earning capacity. Carriere has released to Defendants all of Jeffco's personnel records pertaining to his "job position, wages and salary, job attendance, job performance, job accidents and injuries, job medical history, and job absences for sickness, injury or other reasons."

Carriere filed a motion to quash which was denied as to any records after the date Carriere acquired his interest in the business. Carriere now asks this court to order Respondent to vacate his prior order and quash the deposition.

■ "A writ of mandamus will issue only to correct trial court actions when there has been a clear abuse of discretion or the violation of a duty imposed by law and when the relator has no adequate remedy on appeal." *Freeman v. Bianchi,* 820 S.W.2d 853, 857 (Tex.App.—Houston [1st Dist.] 1991, orig. proceeding), *approved sub nom. Granada Corp. v. Honorable First Court of Appeals,* 844 S.W.2d 223, 225 (Tex.1992). The test for abuse of discretion is whether the court acted without reference to any guiding rules and principles and whether the act was arbitrary and unreasonable. *Freeman,* 820 S.W.2d at 858. A clear abuse of discretion exists when the court's decision is contrary to the one compelled by the facts and circumstances, thereby actually extinguishing any discretion in the matter. *Id.*

■ Mandamus "is the appropriate remedy when the trial court has erroneously granted discovery of non-discoverable documents. Remedy by appeal in that case is ineffective, because once revealed, the documents cannot be protected." *Cigna Corp. v. Spears,* 838 S.W.2d 561, 564 (Tex.App.—San Antonio 1992, orig. proceeding) (citing *Walker v. Packer,* 827 S.W.2d 833, 843 (Tex.1992)).

■ We first address defendants' argument that mandamus is inappropriate because there exists an adequate remedy by appeal. It is not Carriere the deposition targets, but Jeffco. Jeffco is *not* a party in the underlying suit and therefore cannot appeal from it. Additionally, as noted above, remedy by appeal is ineffective in the case of discovery of non-discoverable documents. We find mandamus is appropriate in this case.

Respondent's rationale for denying Carriere's motion was his status as owner of the corporation. The motion was denied *absent a showing* Carriere was not the principal or sole owner of Jeffco. Respondent has in effect, therefore, pierced the corporate veil on the grounds Jeffco is merely an alter ego of Carriere.

■ It is not enough to pierce the corporate veil that the corporation be owned or controlled by an individual; Texas law requires more. *See Sims v. Western Waste*

---

1. In Exhibit A attached to the questions, Defendants asked Jeffco to:

    Produce the following documents for the time period from the date of [sic] David Carriere acquired an ownership interest in Jeffco Plumbing to the present:

    1. Each and every employment record including, but not limited to, personnel, payroll, and medical pertaining to David Carriere.
    2. All records showing any payments of any kind to David Carriere (whether salary, loans, dividends, profit distributions or any other money).

    3. Income tax returns for the period in question for Jeffco Plumbing.
    4. Balance Sheets, income statements and financial statements for the period in question.
    5. All documents regarding David Carriere's acquisition of any financial interest in Jeffco Plumbing (such as a purchase contract, bill of sale, etc.)
    6. All documents reflecting sales, income, expenses, profits and net profits of David Carriere and/or Jeffco Plumbing for the period in question to present.

*Indus.*, 918 S.W.2d 682, 684 (Tex.App.—Beaumont 1996, writ denied). In *Sims,* this court recognized the corporate fiction may be disregarded only in certain circumstances:

> The Texas Supreme Court has held that the corporate fiction will be disregarded "when the corporate form has been used as part of a basically unfair device to achieve an inequitable result." *Castleberry v. Branscum,* 721 S.W.2d 270, 271 (Tex.1986), *overruled* by TEX.BUS.CORP.ACT art. 2.21A(3) (Vernon Supp.1996) to the extent that failure to observe corporate formalities and constructive fraud are no longer factors in proving alter ego in contract claims. "The purpose in disregarding the corporate fiction 'is to prevent use of the corporate entity as a cloak for fraud or illegality or to work an injustice, and that purpose should not be thwarted....'" *Id.* at 273 quoting *Gentry v. Credit Plan Corp. of Houston,* 528 S.W.2d 571, 575 (Tex. 1975). The Court has subsequently held that "[w]here a corporate entity is owned or controlled by an individual who operates the company in a manner indistinguishable from his personal affairs *and in a manner calculated to mislead those dealing with him to their detriment,* the corporate fiction may be disregarded." *Mancorp, Inc. v. Culpepper,* 802 S.W.2d 226, 229 (Tex.1990)(emphasis added). "When the corporate form is used as an essentially unfair device—when it is used as a sham—courts may act in equity and disregard the usual rules...." *Matthews Const. Co., Inc. v. Rosen,* 796 S.W.2d 692, 693 (Tex. 1990).

> The courts of appeals have similarly recognized the corporate form is to be disregarded when the corporation is created to avoid a legal obligation, is used against public policy, or is used to perpetrate a fraud. *See Valley Mechanical Contractors, Inc. v. Gonzales,* 894 S.W.2d 832, 834 (Tex.App.—Corpus Christi 1995, no writ); *Crum & Forster, Inc. v. Monsanto Co.,* 887 S.W.2d 103, 147–148 (Tex.App.—Texarkana 1994, no writ); *Mortgage and Trust, Inc. v. Bonner & Co., Inc.,* 572 S.W.2d 344, 349 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.); *Siboney Corp. v. Dresser Industries, Inc.,* 521 S.W.2d 639, 642 (Tex.

Civ.App.—Houston [1st Dist.] 1975, writ ref'd n.r.e.); *Eastwood Model Market v. State,* 359 S.W.2d 294, 296 (Tex.Civ.App.—Austin 1962), *affirmed,* 365 S.W.2d 781 (Tex.1963).

*Id.* at 684–685.

■ The materials filed in this proceeding contain neither any evidence nor allegations that any of the circumstances detailed above are present in the current case. We are aware of no authority, and defendants provide none, permitting a defendant to obtain the corporate records of a non-party merely because an employee of the corporation has filed suit for personal injuries alleging lost future earning capacity. The trial court's denial of the motion on the basis of alter ego is without foundation and contrary to the guiding rules and principles outlined above. The facts and circumstances compelled the granting of the motion; the trial court had no discretion to deny it.

Therefore, we conclude the trial court abused its discretion in denying Carriere's motion to quash. We are confident the trial court will vacate its order compelling production. Mandamus will issue only upon failure to do so. The writ of mandamus is conditionally granted.

SHUFFIELD, Justice, dissenting.

I respectfully file this dissent for I see no abuse of discretion committed by Judge Shuffield in ordering the production of requested documents. What I do see is an effort by the trial judge to create a level playing field. In agreeing with the majority that mandamus is the proper remedy here, I disagree that the conditional granting of same is appropriate in this case.

Relator David E. Carriere, was at the time of the accident on January 11, 1993, business agent for the plumbers local, and on straight salary. Since Mr. Carriere was deposed in this lawsuit, Mr. Carriere and his wife purchased a plumbing business, being granted a Certificate of Incorporation on January 8, 1996, by the office of Secretary of State. Articles of Incorporation for Jeffco Plumbing Co., Inc., list David Carriere and Laura Jill Carriere as Directors of the corporation, with

David Carriere being shown as the incorporator.

The majority proffers, "The materials filed in this proceeding contain neither any evidence or allegations that any of the circumstances detailed above [referring to majority's verbatim citing of portion of *Sims v. Western Waste Indus.*, 918 S.W.2d 682, 684 (Tex.App.—Beaumont 1996, writ denied)] are present in the current case." This would seem to be a misplacement of the burden in this mandamus proceeding. It is Relator's burden to show this Court and the trial court below, how and why the discovery refusal is justified under *Sims*. The majority requires Real Party In Interest to carry such burden which Relator did not do below, nor, in my opinion, has he done so in this original proceeding.

Just what is "materials filed in this proceeding" is problematic at least. There is no transcript nor statement of facts. The only reviewable exhibits are attached to Relator's Mandamus Application, labeled A through P, thus our review is limited to those exhibits.

Reviewing Relator's exhibits, it becomes glaringly apparent to this writer that there are materials addressing *Sims*, and why the trial court correctly disregarded Relator's efforts to rely on corporate fiction.

In David Carriere's lawsuit against real party in interest, Charles A. Kiker, Jr., and Charles A. Kiker, III, Individually and D/B/A Kiker Cattle Co., Mr. Carriere alleges:

Plaintiff suffered severe personal injuries as a proximate result of the negligent acts and/or omissions of the defendants. Plaintiff will seek to recover all damages allowed by law, including money damages to compensate him for the following:

. . .

5. Loss of earnings and loss of earning capacity in the past and in the future;

. . .

Therefore, the plaintiff will ask the jury to find an amount of compensatory damages that are fair and reasonable under the circumstances. Plaintiff believes that the evidence in this case will justify an award

in excess of the minimum jurisdictional limits of this Court.

The majority opinion sets out the six specific discovery requests by defendant. In view of plaintiff's claim for "Loss of earnings and loss of earning capacity in the past and in the future," Judge Shuffield notified all counsel by written letter dated September 24, 1996, the following:

September 24, 1996

Re: No. D–148,239 David E. Carriere v. Charles A. Kiker, Jr., et al

TO ALL COUNSEL OF RECORD:

I have now had an opportunity to consider the plaintiff's Motion to Quash the notice to take the deposition by written questions of the custodian of records for Jeffco Plumbing filed in connection with the above-captioned matter. As requested, the parties have provided briefing on the issue of the discoverability of such records.

In essence, the plaintiff argues that the records requested are harassing, overly broad with regard to the intended purpose of establishing the plaintiff's wage earning capacity. In response, the defendant argues that the plaintiff is the sole owner of the business and the overall financial management is relevant to determine the plaintiff's true earning capacity.

In its original memorandum of authorities opposing the plaintiff's Motion to Quash, defendant actually states "It is believed that Jeffco was the company owned solely by the plaintiff". In a subsequent letter memorandum, the defendant states that the plaintiff is "the sole owner of the business".

This would seem to be an important factor in the Court's determination as to whether the records sought would be considered relevant or reasonably calculated to lead to the discovery of admissible evidence. Nonetheless, for purposes of this ruling, the Court will presume that the plaintiff was, in fact, the sole owner or a principal of the business in question [1].

1. If this is disputed, plaintiff should submit additional evidence as to this fact.

Given the fact that the issue to be resolved is the plaintiff's earning capacity, the overall financial management of the company, vis a vis, the plaintiff, would seem relevant or reasonably calculated to lead to the discovery of admissible evidence on the issue of the plaintiff's earning capacity.

Therefore, the plaintiff's Motion to Quash the notice to take deposition by written questions will be granted in part and denied in part.

Absent any showing that the plaintiff was not a principal or sole owner of the business in question, the plaintiff's Motion to Quash will be granted insofar as the deposition on written questions of the custodian of records seeks to discover records prior to the plaintiff's acquisition of his interest. Likewise, it will be denied as to any such records subsequent to the date of acquisition.

Defendant should prepare an Order in accordance with the above.

Very truly yours,

/s/

Judge Milton Gunn Shuffield

JMG/ml

On October 3, 1996, Judge Shuffield the following Order:

CAUSE NO. D–148,239

IN THE DISTRICT COURT OF

JEFFERSON COUNTY, TEXAS

136TH JUDICIAL DISTRICT

DAVID E. CARRIERE

vs.

CHARLES A KIKER, JR. AND

CHARLES A. KIKER, III,

INDIVIDUALLY AND D/B/A

KIKER CATTLE COMPANY

### ORDER REGARDING PLAINTIFF'S MOTION TO QUASH NOTICE TO TAKE DEPOSITION BY WRITTEN QUESTION

The Court having considered the "Plaintiff's Motion to Quash Notice to Take Deposition by Written Questions", Defendant's and Plaintiff's Memorandums of Authorities, and the argument of counsel, enters the following Order:

(1) Absent a showing by Plaintiff's counsel that the Plaintiff is not the principal or sole owner of the Jeffco Plumbing Company business in question, the Plaintiff's Motion to Quash is **DENIED** as to any records after the date Plaintiff acquired his interest in such business; and

(2) The Plaintiff's Motion to Quash is **GRANTED** insofar as the deposition on written questions of the custodian of records seeks to discover records prior to the Plaintiff's acquisition of any ownership interest in the business in question.

**SIGNED** this the *3rd* day of *October,* 1996.

/s/

JUDGE MILTON GUNN SHUFFIELD

WALKER, Chief Justice, dissenting.

The majority states that, "Respondent [Judge Shuffield] has in effect, therefore, pierced the corporate veil on the grounds that Jeffco is merely an alter ego of Carriere." Accepting such as the "effect" of the trial court's ruling, Judge Shuffield then gave Relator more than adequate notice and opportunity to "submit additional evidence...." Rather than presenting such evidence to Judge Shuffield, Relator attempts such presentation through mandamus.

Since the majority relies heavily on *Sims* for the proposition that the trial court improperly disregarded corporate fiction, we need look more closely at that case. Corporate fiction will be disregarded "when the corporate form has been used as a part of a basically unfair device to achieve an inequitable result." *Sims,* 918 S.W.2d at 684 (citing *Castleberry v. Branscum,* 721 S.W.2d 270, 271 (Tex.1986), *overruled* by TEX. BUS. CORP. ACT art. 2.21A(3) (Vernon Supp.1996)). Query: What is more unfair and inequitable than a claimant contending that his alleged injuries have resulted in "loss of earnings and loss of earning capacity," while at the same time attempting to close the discovery door on the most probative evidence to that

claim via, corporate fiction. *Sims* further cites *Matthews Const. Co., Inc. v. Rosen,* 796 S.W.2d 692, 693 (Tex.1990) for the proposition that, "[w]hen the corporate form is used as an essentially unfair device—when it is used as a sham—courts may act in equity and disregard the usual rules...." *Id.* It is certainly no abuse of discretion for a trial court to "see through" the concerted effort of a claimant to avoid discovery on a most material allegation in claimant's suit. The discretion of a trial court to "see through" a potentially unfair tactic is exactly what equity is about.

The majority says: "We are aware of no authority, and defendants provide none, permitting a defendant to obtain the corporate records of a non-party merely because an employee of the corporation has filed suit for personal injuries alleging lost future earning capacity." This issue may well be a fact-specific question of first impression, however there exists more than adequate authority justifying Judge Shuffield's denial of Relator's Motion to Quash. For example, *Castleberry v. Branscum,* 721 S.W.2d at 270, which was cited in *Sims.* In *Castleberry,* 721 S.W.2d at 273, our Texas Supreme Court set forth certain equitable considerations to be considered in disregard of corporate fiction:

> Because disregarding the corporate fiction is an equitable doctrine, Texas takes a flexible fact-specific approach focusing on equity. *Gentry v. Credit Plan Corp. of Houston,* 528 S.W.2d [571, 575 (Tex.1975)]; *First Nat. Bank in Canyon v. Gamble,* [134 Tex. 112, 132 S.W.2d 100, 103 (1939)]; *Pacific American Gasoline Co. v. Miller,* 76 S.W.2d [833, 851 (Tex.Civ.App.—Amarillo 1934, writ ref'd)]; *Tigrett v. Pointer,* 580 S.W.2d [375, 381–82 (Tex.Civ.App.—Dallas 1979, writ ref'd n.r.e.)]. For example, in *First Nat. Bank in Canyon v. Gamble,* this court held that we would disregard the corporate fiction when the "facts are such that adherence to the fiction would promote injustice and lead to an inequitable result." 132 S.W.2d at 105. More recently, in *Gentry v. Credit Plan Corp. of Houston,* we again took an equitable approach, holding that the purpose in disregarding the corporate fiction "is to prevent use of the corporate entity as a

cloak for fraud or illegality or to work an injustice, and that purpose should not be thwarted by adherence to any particular theory of liability." 528 S.W.2d at 575. Dean Hildebrand, a leading authority on Texas corporation law, stated well the equitable approach: "When this [disregarding the corporate fiction] should be done is a question of fact and common sense. The court must weigh the facts and consequences in each case carefully, and common sense and justice must determine [its] decision." Hildebrand, *Texas Corporations* § 5 at 42 (1942).

Applying these principles to our present case, in a fact-specific, equitable manner, Judge Shuffield determined that Relator was the principle or sole owner of Jeffco Plumbing Co., Inc. Clearly, from the facts before him, Judge Shuffield could determine, in acceptable discretionary fashion, that to deny defendants their requested discovery could promote injustice and lead to an inequitable jury finding on loss of earnings and loss of earning capacity.

It is apparent to this writer that Judge Shuffield did exactly what our Texas Supreme Court said to do, i.e., use common-sense. Relator's reference to Judge Shuffield's ruling as "an egregious abuse of discretion" is certainly not justified in this case.

I would respectfully deny Relator's Petition for Writ of Mandamus.