

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-06-467-CV

IN THE INTEREST OF A.A.,
A MINOR CHILD

------------

FROM THE 89TH DISTRICT COURT OF WICHITA COUNTY

------------

## MEMORANDUM OPINION[1] ON REHEARING

------------

On July 10, 2008, this Court issued an opinion dismissing the appeal.

Appellant the Office of the Attorney General filed a motion for rehearing. After

due consideration, we deny the Office of the Attorney General's motion for

rehearing, but we withdraw our opinion and judgment dated July 10, 2008, and

substitute the following. Our disposition of this case remains unchanged.

### I. INTRODUCTION

---

[1] *See* TEX. R. APP. P. 47.4.

The primary issue we address in this appeal is whether the Office of the Attorney General was a party in the underlying suit. The underlying suit was initiated by the Texas Department of Family and Protective Services ("TDFPS") to obtain temporary managing conservatorship of baby A.A. For the reasons set forth below, we sustain the first issue presented by the Office of the Attorney General, contending that it was not a party in the trial court, and consequently, because a nonparty has no standing to pursue an appeal, we dismiss this appeal.

## II. FACTUAL AND PROCEDURAL BACKGROUND

This convoluted tale began in November 2005 when TDFPS filed a petition seeking temporary managing conservatorship of A.A., the daughter of then seventeen-year-old Appellee A.B. (referred to hereafter as A.B. or mother). TDFPS's petition specifically sought temporary and, ultimately, permanent payment of child support by A.A.'s mother and father. In paragraph four of the petition, TDFPS alleged that

> [t]he Attorney General's office will be served by mail under Rule 21a, Texas Rules of Civil Procedure at P.O. Box 12017, Austin, Texas 78711-2017, pursuant to § 102.009(d), Texas Family Code.

The trial court granted TDFPS's emergency petition and eleven days later conducted an adversary hearing. At the conclusion of that hearing, the trial court issued temporary orders that instructed A.A.'s mother and father to pay

2

child support and to make such payments "through the Child Support Division of the Office of the Texas Child Support Disbursement Unit" and provided an address.

Unbeknownst at this point to the parties, however, a typographical mistake existed in the trial court's temporary order, and A.A.'s mother and father were ordered to begin making child support payments in January **2005** (eleven months before A.A. was born) instead of in January **2006**. Subsequently, mother's counsel filed a motion—agreed to by counsel for TDFPS—to suspend mother's child support payments because seventeen-year-old mother was herself under the managing conservatorship of TDFPS and was still attending high school. The trial court and counsel for both mother and TDFPS signed an agreed order suspending mother's child support obligations.

Approximately three months later, mother received a bill from the Office of the Attorney General for past due child support payments, plus interest. The bill was apparently generated based on the trial court's initial temporary order that contained the typographical error because the bill reflected that mother owed past due child support for 2005—before A.A. was even born.

As a result of receiving this bill for "past due" child support and interest accruing before baby A.A.'s birth, mother filed a motion to amend the temporary order on the ground that the trial court had mistakenly set the

3

support payments to begin in January 2005 prior to A.A.'s birth. Mother sought to amend the order to reflect a January 1, 2006 start date for child support payments. The trial court granted this motion on April 19, 2006, and ordered that mother's and father's child support obligation commenced January 1, 2006 (as opposed to 2005), and that "the Texas Office of the Attorney General correct its records to reflect the amended orders and cancel any arrears alleged to be due for the calendar year 2005." That same day, counsel for mother faxed a copy of the trial court's amended order to Angela Ware at the Office of the Attorney General's Wichita Falls Child Support Unit.

Approximately one month later, on May 16, 2006, TDFPS filed a Permanency Plan and Progress Report stating that the goal of the plan was family reunification. TDFPS recommended that the suit be continued as opposed to dismissed but also set a May 19, 2006 (three days after TDFPS filed the permanency plan) date for achievement of the permanency plan. The trial court held—as TDFPS requested—a May 19, 2006 hearing, adopted the provisions of TDFPS's permanency plan, and ordered that TDFPS's suit be dismissed.

On May 21, 2006, the Office of the Attorney General sent mother another bill for past due child support, seeking the same payment it had previously sought based on the prior temporary order containing the

4

typographical error. The document mailed by the Office of the Attorney General was titled "Notice of Intent to Report" and informed mother that "[o]ur office intends to report" mother's unpaid child support (for the year of 2005 before A.A. was born) "to credit reporting agencies" and that "[p]ayment in full will not remove the history of this debt from your record." The bill/notice of intent to report instructs mother that "[i]f the amount of support reported by the Office of the Attorney General is not correct, please contact the child support office listed below." The bill/notice of intent to report lists the following as the child support office for mother to contact:

CHILD SUPPORT UNIT 0104E
813 8th Street, 3rd FLR
PO Box 5067
WICHITA FALLS, TX 76307-9971
(940)322-2557

The record reflects that this is the same office to which mother's counsel previously faxed a copy of the amended temporary order.

In light of the continued efforts of the Office of the Attorney General to collect allegedly past due child support from mother, four days after receipt of the bill/notice of intent to report, mother filed a motion to enforce the amended temporary order that had ordered mother's and father's child support obligation to commence January 1, 2006 (as opposed to 2005) and that had ordered "the Texas Office of the Attorney General [to] correct its records to reflect the

5

amended orders and cancel any arrears alleged to be due for the calendar year 2005." Mother mailed via certified mail return receipt requested the motion to enforce to the Office of the Attorney General at the Wichita Falls address set forth above and provided in the bill/notice of intent to report sent to mother.

On June 12, 2006, the trial court conducted a hearing on mother's motion to enforce. The Office of the Attorney General did not appear at the hearing. The trial court signed a June 13, 2006 "Order on Motion to Enforce" granting mother's motion to enforce and ordering "the Texas Office of the Attorney General [to] correct its records to reflect the amended orders and cancel any arrears alleged to be due for the calendar year 2005 from either parent . . . no later than ten (10) days from the date of this Order," to "issue written confirmation of the cancellation" to mother and father, and to "compensate [mother's attorney] in the amount of $1000.00 for her attorney fees." The Attorney General timely filed a notice of appeal.

### III. THE OFFICE OF THE ATTORNEY GENERAL IS A NONPARTY

In its first issue, the Office of the Attorney General contends that the trial court did not have jurisdiction over it because it was not a party to the suit. Mother claims, however, that the Office of the Attorney General was properly before the trial court because Texas Family Code section 102.009 provides that upon the filing of a petition in an original suit that requests the establishment

6

of a support right assigned to the Attorney General, as the Title IV-D agency,[2] "notice shall be given to the Title IV-D agency in a manner provided by Rule 21(a), Texas Rules of Civil Procedure." *See* TEX. FAM. CODE ANN. § 102.009(d).[3] And local rules for Wichita County require that each order providing for child support shall include, and be deemed to include, an application for child support services provided by the Attorney General. WICHITA COUNTY (TEX.) DIST. CT. LOC. R. 5.4(a). Thus, mother argues that TDFPS was required to provide the Office of the Attorney General with "notice" of its suit seeking temporary managing conservatorship of baby A.A. and that this notice properly placed the Office of the Attorney General before the trial court.[4]

---

[2] *See* TEX. FAM. CODE ANN. § 231.001 (Vernon 2002) (establishing the Attorney General as the Title IV-D agency).

[3] The Attorney General is also entitled to receive service of citation "if the petition requests the termination of the parent-child relationship and support rights have been assigned to the [Attorney General] under Chapter 231." TEX. FAM. CODE ANN. § 102.009(a)(11) (Vernon Supp. 2007). TDFPS's petition here did not seek termination, so the Attorney General was not entitled to service under Texas Family Code section 102.009(a)(11).

[4] The record reflects that TDFPS provided the required notice to the Office of the Attorney General. The initial April 8, 2006 bill sent by the Attorney General's Office to mother indicates in the upper right-hand corner of the bill that it is for "Cause Number: 10758JRC." That is the cause number assigned to TDFPS's original petition in its suit for temporary managing conservatorship of baby A.A. The ability of the Office of the Attorney General to insert mother into its Title IV-D agency system for collection of child support

7

As the Office of the Attorney General points out, neither TDFPS nor A.A.'s mother or father sued the Office of the Attorney General or asserted any claims against it (other than the subsequently filed motion to enforce). *Accord Reynolds v. Haws*, 741 S.W.2d 582, 588–89 (Tex. App.—Fort Worth 1987, writ denied) (stating that "[w]e hold that an entity is *not* a party to a lawsuit without being so named"). And other statutes, similar to family code section 102.009(d), that require notice of a suit to be given to the Office of the Attorney General by providing a copy of the petition have not been construed to automatically make the Office of the Attorney General a "party" to every such suit. *See, e.g.,* TEX. CIV. PRAC. & REM. CODE ANN. § 37.006(b) (Vernon 1997) (requiring that in a declaratory relief proceeding in which a statute is alleged to be unconstitutional, the Attorney General be served with a copy of the proceeding); TEX. PROP. CODE ANN. § 123.004(a) (Vernon 2007) (providing that a judgment in a proceeding involving a charitable trust is voidable if the Attorney General is not given notice of the proceeding). Instead, once the Office of the Attorney General is notified of such a suit, it may choose to intervene and participate or to not do so. *See, e.g., City of San Antonio v.*

---

and to generate a bill with the present cause number on it indicates that the Office of the Attorney General was properly served or, at least, received a copy of the initial temporary order and was fully aware of the suit; without notice of the suit, the Attorney General's office could not have taken this action.

8

*Summerglen Prop. Owners Ass'n Inc.*, 185 S.W.3d 74, 87 (Tex. App.—San Antonio 2005, pet. denied) (recognizing counterclaim for a declaratory judgment that H.B. 585 was unconstitutional could not be set or ruled on because Attorney General had not yet been permitted the required forty-five days' notice to intervene); *State v. Fernandez*, 159 S.W.3d 678, 688 (Tex. App.—Corpus Christi 2004, no pet.) (recognizing Attorney General may intervene in a proceeding involving a charitable trust); *Lone Starr Multi Theatres, Inc. v. State*, 922 S.W.2d 295, 298 (Tex. App.—Austin 1996, no writ) (holding fact that the Attorney General must be given notice of a suit to declare a statute unconstitutional does not suggest that the Attorney General is the proper party to sue in an action for declaratory or injunctive relief).

Additionally, the Office of the Attorney General was not, under rule 39 of the rules of civil procedure, a "person needed for just adjudication" in TDFPS's filed suit for temporary managing conservatorship of baby A.A. *See* TEX. R. CIV. P. 39. Nor did the Office of the Attorney General file any type of pleading in TDFPS's suit. Under these circumstances, we hold that the Office of the Attorney General was not a party to the suit. We sustain the Office of the Attorney General's first issue.

## IV. NONPARTY MAY NOT PURSUE AN APPEAL OF AN ORDER

Generally, only parties to an action have standing to appeal. *Marino v. Ortiz*, 484 U.S. 301, 302–04, 108 S. Ct. 586, 587–88 (1988); *Cont'l Cas. Co. v. Huizar*, 740 S.W.2d 429, 430 (Tex. 1987); *Times Herald Printing Co. v. Jones*, 730 S.W.2d 648, 649 (Tex. 1987); *Gunn v. Cavanaugh*, 391 S.W.2d 723, 725 (Tex. 1965). A nonparty may properly become a party for purposes of appealing an adverse final judgment by intervening in the action. *Marino*, 484 U.S. at 302–04, 108 S. Ct. at 587–88.

Here, however, the Office of the Attorney General is not attempting to appeal a final judgment. Instead, the Office of the Attorney General is attempting to appeal from an ancillary trial court order entered during the trial court's plenary power. The order on the motion to enforce that the Office of the Attorney General is attempting to appeal does not purport to dispose of all parties and all issues; thus, it is not a final judgment. *See N. E. ISD v. Aldridge*, 400 S.W.2d 893, 897–98 (Tex. 1966). Because the Office of the Attorney General is a nonparty attempting to appeal an order, not a final judgment, any remedy available is via mandamus. *See, e.g., In re Bain*, 144 S.W.3d 236, 239 (Tex. App.—Tyler 2004, orig. proceeding) (applying proposition—that a nonparty may obtain relief from a trial court order by way of petition for writ of mandamus—to discovery order); *Carriere v. Shuffield*, 949 S.W.2d 862, 863

10

(Tex. App.—Beaumont 1997, orig. proceeding) (same).[5]  We hold that, as a nonparty that did not intervene or appear in the underlying suit, the Office of the Attorney General possesses no right to appeal the order on the motion to enforce.  Accordingly, we will dismiss this appeal.  *See* TEX. R. APP. P. 43.2(f).

## V. CONCLUSION

Having sustained the first issue presented by the Office of the Attorney General, arguing that it was not a party to the suit in the trial court, and having determined that the Office of the Attorney General, as a nonparty, lacks standing to pursue an appeal of the order on the motion to enforce, we dismiss this appeal.  In light of this disposition, we need not address the other issues presented by the Office of the Attorney General.  *See* TEX. R. APP. P. 47.1 (requiring appellate court to address only issues necessary for disposition of the appeal).

SUE WALKER
JUSTICE

PANEL:  LIVINGSTON, WALKER, and MCCOY, JJ.

DELIVERED:  August 14, 2008

---

[5] The Office of the Attorney General urges us to hold that it possesses a right of appeal.  Such a holding, however, would mean that the Office of the Attorney General should have appealed the earlier April 19, 2006 order requiring the Office of the Attorney General to correct its records and will in the future be required to immediately appeal each and every such similar order.

11