Pamela Franc HAVENS, Relator,

v.

The Honorable Norman LEE,
Judge, Respondent.

No. 01–84–0418–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

July 13, 1984.

Jack E. Urquhart, Houston, for relator.

Hart Pruitt, Dotson, Babcock & Scoffield, Houston, for respondent.

Before EVANS, C.J., and WARREN and COHEN, JJ.

## OPINION

EVANS, Chief Justice.

The relator, Pamela Franc Havens, seeks leave to file a writ of mandamus, compelling the respondent, the Honorable Norman Lee, Judge of the 257th Judicial Family District Court of Harris County, Texas, to vacate certain protective orders entered in relator's divorce action pending in that court. Relator also asks that this court stay the trial of such divorce proceeding, which is set for the week of July 16, 1984, pending the final disposition of this mandamus action. We deny leave to file the mandamus action and accordingly deny all other requested relief.

The relator's petition shows that she instituted the divorce proceeding against her husband in 1983 and that she thereafter filed a notice of intent to take the deposition of a third party, Dan L. Duncan, who is the trustee of a trust for the benefit of relator's husband, Michael David Havens. The deposition notice evidently included a subpoena duces tecum requiring production of the balance sheets, income statements, tax returns, stock transfer books and other documents pertaining to a third party corporation, Enterprise Products, and also the personal financial statements of the said Dan L. Duncan. It appears that the beneficial interest in the trust held by relator's

husband is his separate property and that the corporate stock of the corporation, Enterprise Products, constitutes part of the assets of the trust estate. Attached to the relator's petition is a copy of the trial court's protective order signed March 23, 1984, which recites that the matter was heard on January 31, 1984, at which time the court prohibited the production of the requested documents and reset the deposition of the third party witness, Dan L. Duncan.

In relator's petition for mandamus, she contends that the trial court's protective order denies her the right to examine documents "relevant to the evaluation" of the corporate stock, and in her brief, she argues that such documents are relevant to the issue of the amount of child support payments her husband is able to make and also to the issue of the division of community property.

The Texas Supreme Court, in its recent decision in *Jampole v. Touchy*, 673 S.W.2d 569 (1984) stated the rule applicable to the case at bar;

> In deciding whether a writ of mandamus is appropriate, we recognize that mandamus will not issue unless a clear abuse of discretion is shown. *West v. Solito*, 563 S.W.2d 240 (Tex.1978); *Allen v. Humphreys*, 559 S.W.2d 798 (Tex.1977); *Barker v. Durham*, 551 S.W.2d 41, (Tex. 1977); *Crane v. Tunks*, 160 Tex. 182, 328 S.W.2d 434 (1959). Furthermore, appellate courts will not intervene to control incidental trial court rulings when there is an adequate remedy by appeal. *State Bar v. Heard*, 603 S.W.2d 829 (Tex.1980); *Werner v. Miller*, 579 S.W.2d 455 (Tex. 1979); *State ex rel. Petit v. Thurmond*, 516 S.W.2d 119 (Tex.1974); *Pope v. Ferguson*, 445 S.W.2d 950 (Tex.1969).

In the case at bar, the relator has not shown any nexus between her husband and the corporation other than that he is a beneficiary of a trust which has among its assets corporate stock of that corporation. It is clear that the trust, and not the corporation, holds assets for the benefit of relator's husband and there is no showing that the husband has any right to control the corporate stock in question. In her brief, relator suggests that Enterprise Products is a privately held corporation; that the shares of its stock make up a significant part of the corpus of the trust of which her husband is beneficiary; that the value of such stock is important to a determination of the ability of the trust to make distributions to her husband, and therefore relevant to his ability to pay child support; that the value of such stock is relevant to the division of the parties' estate because the stock may be community property; and that because the corporation is closely held, it is imperative that she be permitted to examine financial data from diverse sources to obtain a realistic valuation of stock. However, relator's petition is not supported by any verification of these statements and such matters appear only as allegations in her brief. The relator may have a legitimate interest in determining the extent and value of her husband's separate property, but this does not justify, under the allegations of the petition before us, the issuance of a mandamus to compel discovery of the records of the third party corporation and the personal records of the trustee. The trial court's protective order does not prohibit relator from making a full investigation of the trust and its assets, and in so doing, relator could legitimately examine the trustee about the assets of the trust, including the value of the corporate stock. *See Lucas v. Lucas*, 365 S.W.2d 372 (Tex.Civ.App.—Beaumont 1962, no writ). Thus, relator's petition does not demonstrate that she is prevented by the trial court's order from discovering information relevant to her husband's ability to provide child support payments and the division of the marital estate.

We hold that relator's petition does not show a clear abuse of the trial court's discretion in restricting the scope of the relator's discovery; nor has relator demonstrated that she has no adequate remedy by appeal since her petition does not show that she is prevented by the protective order from otherwise obtaining the informa-

tion necessary to prove her claim in the divorce proceeding. Thus, relator's petition does not form a basis for the issuance of a writ of mandamus and we, therefore, deny leave to file. *Jampole v. Touchy, supra.*

The relator's motion for leave to file her petition for writ of mandamus is denied, and all other relief requested in relator's petition is also denied.