In re Jerry BAIN, Relator.

No. 12–04–00213–CV.

Court of Appeals of Texas,
Tyler.

Aug. 11, 2004.

Michael E. Jarrett, for Jerry Bain.

E. Paul Banner, pro se.

John M. Frick, for Connie Haynes.

Larry Hallman, for R. L. Whitehead, Jr.

Panel consisted of GRIFFITH, J. and BASS, Retired Justice, Twelfth Court of Appeals, Tyler, sitting by assignment.

## OPINION

SAM GRIFFITH, Justice.

Relator Jerry Bain seeks a writ of mandamus requiring the Honorable Paul Banner, visiting judge for the 188th Judicial District Court of Gregg County, to vacate the portions of his order dated June 18, 2004 requiring Bain to produce certain billing information. We conditionally grant the writ.

## BACKGROUND

Connie Haynes, real party in interest, sued her former lawyer, R.L. Whitehead, in Gregg County for legal malpractice (the "Whitehead proceeding"). Haynes asserts that Whitehead ceased to zealously represent her in her divorce proceeding, and in fact coerced her into accepting an unfavorable settlement, after he accepted employment as co-counsel with Bain in another divorce action (the "Buford divorce") filed in the 321st Judicial District Court of Smith County. She maintains that the drastic change in Whitehead's attitude and advice in her case resulted from the substantial amount of time he spent working on the Buford divorce and his expectation of substantial attorney's fees in return.

To obtain information substantiating her allegations against Whitehead, Haynes filed a motion in January 2000 in Smith County requesting the unsealing of the Buford file, which was sealed by order signed on January 18, 2000. Over four years later, in March 2004, without a hearing on her motion to unseal, Haynes issued a subpoena duces tecum in the Whitehead proceeding commanding Bain to appear for a deposition and produce certain records, including his fee statements and fee agreement in the Buford divorce. The subpoena stated that Bain could redact information in any description of services except the date and amount of time expended.

Bain sought a protective order urging that the information sought was (1) not relevant and not reasonably calculated to lead to the discovery of admissible evidence; (2) protected by the attorney-client privilege; and (3) subject to a sealing order and an agreed confidentiality order (the "confidentiality order") entered in the Buford divorce. On March 25, Judge Banner conducted an evidentiary hearing on Bain's application, made oral rulings unfavorable to Bain, and then stayed his pronouncement.

On June 10, 2004, Judge Banner lifted the stay. Approximately one week later, on June 18, 2004, he entered a written order (the "June 18 order") overruling Bain's assertions of privilege and other objections to production. The order required Bain to produce documents including (1) his fee statements or invoices from the Buford divorce, with the description of services redacted leaving the date and amount of time expended; (2) the fee agreement between Bain and Whitehead describing the terms of their joint representation in the Buford divorce; and (3) a sworn statement containing the total amount of time expended and attorney fees billed by Bain and his law firm in the Buford divorce (a) for the time that Whitehead was also an attorney of record in the Buford divorce and (b) from the time Bain was hired through March 10, 1998. The order also provided that Bain's deposition was postponed to provide Bain an opportunity to seek mandamus relief.

On June 23, 2004, the Honorable Kerry Russell, a Smith County district judge, denied Haynes's motion to unseal, which had been amended to include a request for clarification or modification of the confidentiality order. Judge Russell based his ruling on Haynes's lack of standing and also found that the sealing order and the confidentiality order remained in effect.

Bain states in his mandamus petition that Judge Banner was requested to reconsider his June 18 order in light of Judge Russell's order, but declined to do so. This original proceeding followed. We stayed Judge Banner's order pending our disposition of Bain's mandamus petition.

## AVAILABILITY OF MANDAMUS

Mandamus is "an extraordinary remedy, available only in limited circum-

stances." *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex.1992). Mandamus will issue to correct a clear abuse of discretion when there is no other adequate remedy at law. *Id.* "[A] clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion. . . ." *Id.* at 840.

 Where a discovery order is challenged, a party will not have an adequate remedy by appeal when the appellate court would not be able to cure the trial court's discovery error. *Id.* at 842. Mandamus is the appropriate remedy when the trial court has erroneously granted discovery of nondiscoverable documents. *Carriere v. Shuffield,* 949 S.W.2d 862, 863 (Tex.App.-Beaumont 1997, orig. proceeding); *Cigna Corp. v. Spears,* 838 S.W.2d 561, 564 (Tex. App.-San Antonio 1992, orig. proceeding) (citing *Walker,* 827 S.W.2d at 843). Remedy by appeal in that situation is ineffective because once revealed, the documents cannot be protected. *Carriere,* 949 S.W.2d at 863; *Cigna,* 838 S.W.2d at 564. Furthermore, appeal is not available to Bain because he is not a party to the Whitehead proceeding. *See Carriere,* 949 S.W.2d at 862 (mandamus available because nonparty has no right to appeal discovery order). Consequently, we need only address the abuse-of-discretion prerequisite to mandamus.

### ABUSE OF DISCRETION

Bain maintains that the confidentiality order prohibits disclosure of the Buford billing information and also asserts that the information is privileged. Therefore, he argues, the June 18 order requiring disclosure constitutes an abuse of discretion. Because we agree with Bain's interpretation of the confidentiality order, we do not address his claim of privilege.

### *The Confidentiality Order*

 The same rules of interpretation apply in construing the meaning of a court order or judgment as in ascertaining the meaning of other written instruments. *Lone Star Cement Corp. v. Fair,* 467 S.W.2d 402, 404–05 (Tex.1971) (orig.proceeding); *Alford v. Thornburg,* 113 S.W.3d 575, 584 (Tex.App.-Texarkana 2003, no pet.) (citing *Lone Star,* 467 S.W.2d at 404–05). The determinative factor is the intention of the court. *Alford,* 113 S.W.3d at 584. Here, neither party contends the confidentiality order is ambiguous. Therefore, we construe the order as a whole and declare its effect in light of the literal language used. *Lone Star,* 467 S.W.2d at 405; *Lohse v. Cheatham,* 705 S.W.2d 721, 726 (Tex.App.-San Antonio 1986, writ dism'd).

The confidentiality order sets out the agreement of the parties relating to the protection of "[B]ate-stamped documents produced in [the Buford divorce as well as] other documents, information, or testimony provided in connection with pretrial proceedings or the trial." The parties stipulated that the terms agreed upon and set out in the order were necessary because discovery and trial were "likely to involve sensitive personal, financial, and business information, the disclosure of which could cause injury to the producing party."

The order includes definitions of various terms. "Document" is defined as "any kind of written, graphic, [B]ate-stamped or recorded matter, however produced or reproduced, of any kind or description, including originals, copies, and drafts, and both sides thereof." "Confidential information" includes "any [B]ate-stamped document, oral communication, or other information of the parties, the improper use of which is likely to cause injury to the producing party." The order also provides

that all Bate-stamped documents produced in the Buford divorce by either party are stipulated to be "Confidential." A "producing party" is "a party to [the] order who responds to a discovery request or otherwise provides information to a party to [the Buford divorce] or the Court in connection with [the] action." The order prohibits disclosure or discussion of "confidential information" except as permitted by its terms or by any further order of the trial court. Finally, the order prohibits the use of confidential information for any purpose other than conducting the Buford divorce action.

From this unambiguous language, we conclude that the court's intent, as it relates to this original proceeding, was to protect the Bate-stamped documents in the Buford divorce that either party produced in response to discovery or otherwise furnished to another party or to the trial court. The order prohibits disclosure of those documents as well as discussion of their contents with unauthorized persons. Bain testified that his fee statements were Bate-stamped and included in the Buford divorce file. Consequently, the confidentiality order encompasses the Buford billing information.

### Proof of necessity

■ Bain does not argue that Haynes could never be entitled to the information she seeks. To the contrary, Bain acknowledges that "parties by mere agreement cannot cloak relevant information in a protected veil, preventing discovery in proper cases." However, he contends that under the facts before us, Haynes cannot avoid the effect of the confidentiality order unless she shows that the billing information is essential to the fair adjudication of her claim. *See Havens v. Lee,* 694 S.W.2d 1 (Tex.App.-Houston [1st Dist.] 1984, orig. proceeding [leave denied] ). Further, he argues that she has not made the required showing.

Haynes does not dispute Bain's contention that she must show the billing information "essential." She merely states that the information is "clearly relevant" to the subject matter of the lawsuit and "necessary" to show Whitehead's motive for the alleged malpractice. *See* TEX.R. CIV. P. 192.3(a) (information discoverable if unprivileged, relevant to the subject matter of the lawsuit, and reasonably calculated to lead to the discovery of admissible evidence).

■ Relevance is the standard for discovery in general. *See id.* Requiring a showing that information is "essential" imposes a higher burden. *In re Cont'l Gen. Tire, Inc.,* 979 S.W.2d 609, 613 (Tex.1998). This higher burden cannot be met unless the party seeking discovery first shows the information sought is "relevant." *See id.* at 611–13.

■ A legal-malpractice claim is based on negligence. *Cosgrove v. Grimes,* 774 S.W.2d 662, 664 (Tex.1989). An attorney in Texas is held to the standard of care that would be exercised by a reasonably prudent attorney. *Id.* To recover on a negligence claim, a plaintiff must prove four elements: (1) that the defendant owed her a duty; (2) that the defendant breached that duty; (3) that the defendant's breach of duty proximately caused injury to the plaintiff; and (4) that damages occurred as a result. *Id.* at 665.

■ Here, Haynes contends that the information she seeks relates to Whitehead's motive for his alleged actions. However, motive is not an element of legal malpractice. Haynes does not state how the Buford billing information relates to any element of her cause of action nor does she state how the production of the information is reasonably calculated to

lead to the discovery of admissible evidence. *See* Tex.R. Civ. P. 192.3(a). Absent a showing of relevance, Haynes cannot meet the higher burden of showing that the requested information is "essential to the fair adjudication of her claim." *See In re Cont'l Gen. Tire,* 979 S.W.2d at 611.

### Haynes's arguments

Haynes disputes Bain's interpretation of the confidentiality order and advances three arguments in support of her contention that the billing information must be disclosed as ordered.

#### Access to Judicial Records

■ Haynes first contends that she has a common law right of access to judicial records and that the billing information "is not the type of information worthy enough of protection to overcome her common law right of access."

All court records are presumed to be open to the general public. Tex.R. Civ. P. 76a(1). Certain court records, excluding court orders and opinions issued, may be sealed upon compliance with the procedure set out in the rule. *Id.* Documents filed in an action originally arising under the Family Code are excepted from the definition of "court records" as that term is used in Rule 76a. Tex.R. Civ. P. 76a(2)(a)(3). As such, those records can be sealed, and public access thereby limited, without following the Rule 76a sealing procedure. *See id.*

■ Access to documents in court files not defined as court records in Rule 76a remains governed by existing law. Tex.R. Civ. P. 76a(9). A party seeking to protect such documents can file a motion for a protective order. *See General Tire, Inc. v. Kepple,* 970 S.W.2d 520, 525 (Tex.1998). The parties to the Buford divorce did so. Their action does not infringe upon Haynes's common law right of access to judicial records. *See* Tex.R. Civ. P. 76a(2)(a)(3).

### Proof of likely injury

■ Haynes next points out that the subject order defines "confidential information" as including any "[B]ate-stamped document, oral communication, or other information of the parties, *the improper use of which is likely to cause injury to the producing party.*" (Emphasis added). She interprets this language to mean that Bate-stamped documents are confidential only if "the improper use of [such documents] is likely to cause injury to the producing party." However, this interpretation is inconsistent with the stipulation included in the order that all Bate-stamped documents produced by either party in the Buford divorce are confidential.

■ In construing an unambiguous order, we harmonize and give effect to each provision so that none will be meaningless. *See Coker v. Coker,* 650 S.W.2d 391, 393 (Tex.1983) (applicable to construction of unambiguous contract). The construction suggested by Haynes would violate this principle.

### Lack of Remedy

■ Finally, Haynes contends that because she is without a remedy in Smith County, Judge Banner must be allowed to resolve her discovery dispute with Bain. Otherwise, she states, she is deprived of a remedy in violation of the open courts provision of the Texas Constitution. *See* Tex. Const. art. I, § 13.

■ The Texas Constitution guarantees that persons bringing common-law claims will not unreasonably or arbitrarily be denied access to the courts. Tex. Const. art. I, § 13 ("All courts shall be open, and every person for an injury done

him, in his lands, goods, person or reputation, shall have remedy by due course of law."); *Shah v. Moss,* 67 S.W.3d 836, 842 (Tex.2001). This provision, commonly known as the "open courts provision," creates three guarantees: (1) courts must actually be open and operating, (2) citizens must have access to those courts unimpeded by unreasonable financial barriers, and (3) meaningful legal remedies must be afforded to our citizens, so that the legislature may not abrogate the right to assert a well-established common law cause of action unless the reason for its action outweighs the litigants' constitutional right of redress. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 448 (Tex. 1993). Haynes's complaints here relate solely to the resolution of a discovery dispute and do not fall within the guarantees of the open courts provision.

### CONCLUSION

The confidentiality order entered in the Buford divorce encompasses the billing information ordered produced by the June 18 order. Haynes is not a person authorized by the confidentiality order to receive copies of billing documents or to discuss the information in the documents with a party bound by the confidentiality order. Moreover, Haynes has not shown that the information is "essential to the fair adjudication of her claim" or advanced any meritorious argument in support of the June 18 order.

Based upon the record before us, we hold that Judge Banner abused his discretion by requiring Bain to produce (1) redacted fee statements or invoices from the Buford divorce and (2) a sworn statement containing the total amount of time expended and attorney's fees billed by Bain and his law firm in the Buford divorce (a) for the time that Whitehead was also an attorney of record in the Buford divorce proceeding and (b) from the time Bain was hired through March 10, 1998. Accordingly, we lift our stay of the June 18 order and conditionally grant mandamus relief with respect to the portions of the order requiring such disclosure. We trust that Judge Banner will modify his order to delete these provisions within fifteen days from the date of our opinion and order. The writ will issue only if he fails to do so.