NUMBER 13-04-673-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


PATRICK S. SKULEMOWSKI, D.O., Appellant,


v.
 


JOSEPH A. ZAVALETTA, M.D., P.A., Appellee.

 


On appeal from the 404th District Court 


of Cameron County, Texas.


 


MEMORANDUM OPINION



Before Justices Yañez, Rodriguez, and Garza 


Memorandum Opinion by Justice Rodriguez



 This appeal arises from two traditional summary judgments granted in favor of
appellee, Joseph A. Zavaletta, M.D., P.A., and against appellant, Patrick S.
Skulemowski, D.O. (1) By four issues, Dr. Skulemowski contends the trial court erred
in granting Dr. Zavaletta's first and second motion for summary judgment because (1)
the judgments require Dr. Skulemowski to pay a virtual tax, (2) Dr. Zavaletta failed to
render an accounting to Dr. Skulemowski, (3) Dr. Zavaletta was obligated to indemnify
Dr. Skulemowski, and (4) the "issue of payment to the Hospital" was barred by res
judicata, accord and satisfaction, and release. We affirm.

I. Background

 In May 1997, Dr. Skulemowski and Dr. Zavaletta entered into an employment
contract (Associate Agreement) whereby Dr. Zavaletta agreed to employ Dr.
Skulemowski as an associate in his medical practice. The Associate Agreement was
contingent upon Dr. Skulemowski entering into a recruitment contract (Recruiting
Agreement) with Valley Regional Medical Center (the Hospital), which he did in July
1998. 

 With respect to Dr. Skulemowski's compensation, the Associate Agreement
provided that during Dr. Skulemowski's first twelve months of practice under the
Associate Agreement, his "compensation and expenses shall be guaranteed by [the
Hospital] . . . pursuant to [the Recruiting Agreement] executed by [Dr. Skulemowski]
and [the Hospital] . . . ." More specifically, the Associate Agreement provided that
"[the Hospital] shall pay [Dr. Skulemowski] an annual salary of Two Hundred and
Twenty Thousand Dollars ($220,000.00) payable in 12 equal installments . . . ." In
addition, pursuant to the Associate Agreement, Dr. Skulemowski agreed to "assign to
DR. ZAVALETTA all funds received by [Dr. Skulemowski] under the [Recruiting
Agreeement] . . . ." Dr. Skulemowski also agreed that "[a]ll income and accounts
receivable generated by [Dr. Skulemowski] for services rendered hereunder and all
activities related thereto shall belong to DR. ZAVALETTA . . . ." Furthermore, the
Associate Agreement provided the following: 

 [Dr. Skulemowski] expressly and irrevocably transfers, assigns, or
otherwise conveys to DR. ZAVALETTA all rights, title and interest of [Dr.
Skulemowski] in and to any fees resulting from or incidental to [Dr.
Skulemowski's] practice of medicine . . . .

 

 Pursuant to an addendum to the Recruiting Agreement, the Hospital guaranteed
that it would pay Dr. Skulemowski $27,500.00 per month for the first twelve months
of his practice (the guarantee period), reduced by the amount of monthly gross cash
receipts. (2) Thus, the Hospital guaranteed to pay Dr. Skulemowski $330,000.00 for his
first year of practice, reduced by the amount of gross cash receipts for the period. 
The addendum also provided for an audit of Dr. Skulemowski's financial records by the
Hospital at the end of the guarantee period to determine Dr. Skulemowski's net
collectable revenue for that time period. (3) In the event that the combination of (1) the
guaranteed payments made by the Hospital to Dr. Skulemowski and (2) Dr.
Skulemowski's net collectable revenue for the guarantee period exceeded
$330,000.00, the addendum provided the following: 

 [Dr. Skulemowski] shall repay [the] Hospital a sum equal to the lesser of:


 a. The amount of the Guarantee Payments made by [the] Hospital during
the Guarantee Period; or 


 b. The amount by which [Dr. Skulemowski's] Net Collectable Revenue
plus the amount of Guarantee Payments made by [the] Hospital exceeds
the total amount of the monthly Guarantee Amounts.


 In 1999, after the conclusion of Dr. Skulemowski's employment with Dr.
Zavaletta, Dr. Zavaletta sued Dr. Skulemowski to enforce a non-competition clause
which had been part of the Associate Agreement. (4) The parties reached a settlement
in the suit and executed a Mutual Release and Settlement Agreement (Settlement
Agreement). The trial court entered a final judgment in the suit, incorporating portions
of the Settlement Agreement therein. (5)

 In 2001, the Hospital filed suit against Dr. Skulemowski to recover the amount
allegedly owed by Dr. Skulemowski to the Hospital under the Recruiting Agreement,
that is the amount by which the guarantee payments and net collectable revenue
allegedly exceeded $330,000.00. In response to the Hospital's petition, Dr.
Skulemowski filed a counterclaim against the Hospital and a third-party action against
Dr. Zavaletta. The Hospital subsequently assigned its rights under the suit to Dr.
Zavaletta. (6) 

 Dr. Zavaletta filed his first motion for summary judgment in his capacity as
plaintiff, as the Hospital's assignee, which the trial court granted. Dr. Zavaletta's first
motion for summary judgment was premised on the ground that he had established as
a matter of law that Dr. Skulemowski owed him, as the Hospital's assignee, (1)
$32,736.67, which was the amount by which Dr. Skulemowski's guarantee payments
and net collectable revenue allegedly exceeded $330,000.00, and (2) $6,830.00 in
attorney's fees.

 Dr. Zavaletta filed his second motion for summary judgment in his capacity as
third-party defendant. The trial court granted said motion. Dr. Zavaletta's second
motion for summary judgment was based on the following grounds: (1) that paragraph
five of the Settlement Agreement and the corresponding section in the final judgment
in the 1999 suit clearly and unambiguously limited his obligation to indemnify Dr.
Skulemowski; (2) that no extrinsic evidence could be used in the construction of
paragraph five and the corresponding section in the final judgment; and (3) that the
accounting issue which previously existed between Dr. Skulemowski and Dr. Zavaletta
was moot. In granting Dr. Zavaletta's second motion for summary judgment, the trial 
court found the following: (1) "the accounting issue which existed between the
parties in August 1999, which is the subject of paragraph 5 . . . and the corresponding
provision of the Judgment is presently moot and [Dr. Zavaletta] is not responsible for
furnishing any additional accounting to Dr. Skulemowski in that [Dr. Zavaletta] has
rendered an accounting to the Hospital for the services rendered by Dr. Skulemowski";
and (2) "Dr. Zavaletta, having accounted to the Hospital in regard to service provided
by Dr. Skulemowski, is not responsible [to indemnify Dr. Skulemowski] for any sums
that Dr. Skulemowski may owe to the Hospital or its successor in interest under his
Recruiting Agreement with the [Hospital]." (7) 

II. Standard of Review

 We review the granting of a traditional motion for summary judgment de novo. 
Branton v. Wood, 100 S.W.3d 645, 646 (Tex. App.-Corpus Christi 2003, no pet.)
(citing Natividad v. Alexsis, Inc., 875 S.W.2d 695, 699 (Tex. 1994); Tex. Commerce
Bank Rio Grande Valley v. Correa, 28 S.W.3d 723, 726 (Tex. App.-Corpus Christi
2000, pet. denied)). To prevail, the movant has the burden of showing that there is
no genuine issue of material fact and that he is entitled to judgment as a matter of
law. Id. (citing Tex. R. Civ. P. 166a(c); Lear Siegler, Inc. v. Perez, 819 S.W.2d 470,
471 (Tex. 1991)). If the party opposing summary judgment relies on an affirmative
defense, he must come forward with summary judgment evidence sufficient to raise
an issue of fact on each element of the defense to avoid summary judgment. 
Brownlee v. Brownlee, 665 S.W.2d 111, 112 (Tex. 1984) (citing City of Houston v.
Clear Creek Basin Auth., 589 S.W.2d 671, 678-79 (Tex. 1979); Life Ins. Co. of
Virginia v. Gar-Dal, Inc., 570 S.W.2d 378, 381 (Tex. 1978); Dorsaneo, Texas
Litigation Guide § 101.05 (1983)). In determining whether there is a genuine issue
of material fact, evidence favorable to the nonmovant is taken as true, and all
reasonable inferences and doubts are resolved in favor of the nonmovant. Branton,
100 S.W.3d at 646. 

III. Analysis

 By four issues, Dr. Skulemowski asserts that the trial court erred in granting Dr.
Zavaletta's first and second motion for summary judgment. Specifically, Dr.
Skulemowski contends that the trial court granted the summary judgments in error
because (1) the judgments require "[Dr.] Skulemowski to pay a virtual tax to work for
[Dr.] Zavaletta," (2) Dr. Zavaletta failed to render an accounting to Dr. Skulemowski,
(3) it "held that [Dr.] Zavaletta is not responsible to indemnify [Dr.] Skulemowski for
any sums he may have failed to pay the Hospital," and (4) the "issue of payment to
the Hospital" was barred by res judicata, accord and satisfaction, and release. 

A. Res Judicata, Accord and Satisfaction, and Release

 By his fourth issue, Dr. Skulemowski asserts that the trial court erred in granting
Dr. Zavaletta's first and second motion for summary judgment because the "issue of
payment to the Hospital" was barred by res judicata, accord and satisfaction, and
release. We disagree.

 With respect to Dr. Skulemowski's contention that the trial court erred in
granting Dr. Zavaletta's first and second motion for summary judgment because the
"issue of payment to the Hospital" was barred by res judicata, we note that Dr.
Skulemowski does not argue on appeal that he raised a fact issue on each element of
this affirmative defense in his response to Dr. Zavaletta's motions. See Brownlee, 665
S.W.2d at 112 (providing that a nonmovant who relies on an affirmative defense to
defeat the movant's motion for summary judgment must raise an issue of fact on each
element of the defense to avoid summary judgment). Instead, Dr. Skulemowski urges
reversal of Dr. Zavaletta's first and second summary judgment based on an evaluation
of the "transactional approach to res judicata." However, this suggested ground for
reversal of Dr. Zavaletta's first and second summary judgment was not expressly
presented to the trial court in Dr. Skulemowski's responses to Dr. Zavaletta's motions
for summary judgment. Pursuant to rule 166a(c), issues not expressly presented to
the trial court by written answer or response shall not be considered on appeal as
grounds for reversal. Tex. R. Civ. P. 166a(c); see Clear Creek Basin Auth., 589
S.W.2d at 677-79. Therefore, we may not consider this ground as a basis for
reversing Dr. Zavaletta's first and second summary judgment on appeal. See Tex. R.
Civ. P. 166a(c); Clear Creek Basin Auth., 589 S.W.2d at 677-79. 

 

 Finally, although Dr. Skulemowski asserts that the trial court erred in granting
Dr. Zavaletta's first and second motion for summary judgment because the "issue of
payment to the Hospital" was barred by accord and satisfaction and release, we
conclude that the briefing is inadequate as Dr. Skulemowski failed to fully develop and
support his assertions. See Tex. R. App. P. 38.1(h) (providing that appellant's brief
must contain a clear and concise argument for the contentions made, with appropriate
citations to authorities and to the record). Therefore, we will not consider these
contentions.

 Accordingly, we overrule Dr. Skulemowski's fourth issue. 

B. Indemnification and Accounting

 By his third issue, Dr. Skulemowski contends that the trial court erred in
granting Dr. Zavaletta's second motion for summary judgment because it "held that
[Dr.] Zavaletta is not responsible to indemnify [Dr.] Skulemowski for any sums he may
have failed to pay the Hospital." (8) By his second issue, Dr. Skulemowski asserts that
the trial court erred in granting Dr. Zavaletta's first and second motion for summary
judgment because Dr. Zavaletta failed to render an accounting to Dr. Skulemowski.

1. Applicable Law

 "A settlement agreement is a contract, and its construction is governed by legal
principles applicable to contracts generally." ASI Tech., Inc. v. Johnson Equip. Co.,
75 S.W.3d 545, 547 (Tex. App.-San Antonio 2002, pet. denied) (quoting Donzis v.
McLaughlin, 981 S.W.2d 58, 61 (Tex. App.-San Antonio 1998, no pet.)). If the
agreement can be given a certain or definite legal meaning, then it is unambiguous and
will be construed as a matter of law. Coker v. Coker, 650 S.W.2d 391, 393 (Tex.
1983) (citing Universal C.I.T. Credit Corp. v. Daniel, 150 Tex. 513, 243 S.W.2d 154,
157 (1951)).

 In construing such a contract, our primary concern is to ascertain the true
intentions of the parties as expressed in the instrument. Coker, 650 S.W.2d at 393
(citing R & P Enters. v. LaGuarta, Gavrel & Kirk, Inc., 596 S.W.2d 517, 518 (Tex.
1980); City of Pinehurst v. Spooner Addition Water Co., 432 S.W.2d 515, 518 (Tex.
1968)). Toward this end, we examine and consider the entire writing in an effort to
harmonize and give effect to all provisions of the contract so that none will be
rendered meaningless. Id. (citing Universal C.I.T. Credit Corp., 243 S.W.2d at 158). 
No single provision taken alone will be given controlling effect; rather, all the
provisions must be considered with reference to the whole instrument. Id. (citing
Myers v. Gulf Coast Minerals Mgmt. Corp., 361 S.W.2d 193, 196 (Tex. 1962);
Citizens Nat'l Bank in Abilene v. Tex. & P. Ry. Co., 136 Tex. 333, 150 S.W.2d 1003,
1006 (1941)). "When the parties disagree over the meaning of an unambiguous
contract, the court must determine the parties' intent from the agreement itself, not
from the parties' present interpretation." ASI Tech., Inc., 75 S.W.3d at 548 (quoting
Donzis, 981 S.W.2d at 62).

 

 "The same rules of interpretation apply in construing the meaning of a court
order or judgment as in ascertaining the meaning of other written instruments." Lone
Star Cement Corp. v. J. Roll Fair, District Judge, 467 S.W.2d 402, 404-05 (Tex.
1971) (citing Permian Oil Co. v. Smith, 129 Tex. 413, 107 S.W.2d 564 (1937)). The
determinative factor is the intention of the court. In re Bain, 144 S.W.3d 236, 239
(Tex. App.-Tyler 2004, orig. proceeding) (citing Alford v. Thornburg, 113 S.W.3d
575, 584 (Tex. App.-Texarkana 2003, no pet.)). If a judgment is unambiguous, we
construe it as "a whole and declare its effect in light of the literal language used." Id.
(citing Lone Star Cement Corp., 467 S.W.2d at 405; Lohse v. Cheatham, 705 S.W.2d
721, 726 (Tex. App.-San Antonio 1986, writ dism'd)).

2. Indemnification

 Because paragraph five of the Settlement Agreement and the corresponding
section of the final judgment at issue can be given a definite or certain legal meaning,
as set forth below, we conclude that they are in fact unambiguous. Coker, 650
S.W.2d at 393 (citing Universal C.I.T. Credit Corp., 243 S.W.2d at 157). As a result,
our duty is to examine and consider the entire Settlement Agreement and final
judgment in an effort to harmonize and to give effect to all their provisions so that
none will be rendered meaningless. Id. (citing Universal C.I.T. Credit Corp., 243
S.W.2d at 158); see Lone Star Cement Corp., 467 S.W.2d at 404-05 (citing Permian
Oil Co., 107 S.W.2d at 564) (providing that the same rules of interpretation apply in
construing the meaning of a court judgment as in ascertaining the meaning of other
written instruments).

 By his third issue, Dr. Skulemowski contends that the trial court erred in
granting Dr. Zavaletta's second motion for summary judgment because it "held that
[Dr.] Zavaletta is not responsible to indemnify [Dr.] Skulemowski for any sums he may
have failed to pay the Hospital." The relevant portions of the Settlement Agreement
and final judgment at issue contain identical language with the exception that one uses
the words "agrees to" whereas the other uses the word "shall" in the first line of the
text:

 In this regard Dr. Zavaletta ["agrees to"; "shall"] indemnify Dr.
Skulemowski for any amounts which Dr. Zavaletta may have failed to
pay or credit, if any, the Hospital in regard to the services provided by Dr.
Skulemowski. Dr. Zavaletta is, however, not responsible for any sums
that Dr. Skulemowski may owe to the Hospital except to the extent of
any funds which Dr. Zavaletta may have failed to account or pay to the
Hospital in regard to service provided by Dr. Skulemowski. 


 It is certain from this language, Coker, 650 S.W.2d at 393, that both the parties
and the trial court contemplated circumstances under which Dr. Zavaletta would
indemnify Dr. Skulemowski. More specifically, it is definite from the first sentence
quoted above that Dr. Zavaletta was to indemnify Dr. Skulemowski for any amounts
which Dr. Zavaletta may have failed to pay or credit, if any, the Hospital. However,
this sentence is qualified by the second sentence, which states with certainty that Dr.
Zavaletta was required to indemnify Dr. Skulemowski only insofar as Dr. Zavaletta may
have failed to account to or pay the Hospital. Thus, Dr. Zavaletta was required to
indemnify Dr. Skulemowski only if he failed to account to or pay the Hospital; Dr.
Zavaletta was not required to account to and pay the Hospital in order to avoid his
obligation to indemnify Dr. Skulemowski. 

 Although Dr. Skulemowski urges this Court to interpret this portion of the
Settlement Agreement and final judgment as requiring Dr. Zavaletta to account to the
Hospital and then to indemnify Dr. Skulemowski for the amount that the accounting
shows is due to the Hospital, we cannot reach such a conclusion. Such a conclusion
would render the use of the word "or" meaningless and would modify Dr. Zavaletta's
obligation under the Settlement Agreement and final judgment. See Coker, 650
S.W.2d at 393 (citing Universal C.I.T. Credit Corp., 243 S.W.2d at 158) (providing
that the Court must give effect to all provisions of the contract so that none will be
rendered meaningless).

 Because the summary judgment evidence demonstrates that Dr. Zavaletta did
provide an accounting to the Hospital, we conclude that Dr. Zavaletta satisfied his
requirement to account to or pay the Hospital, and thereby avoided the necessity of
indemnifying Dr. Skulemowski. Therefore, we conclude that the trial court properly
granted Dr. Zavaletta's second motion for summary judgment on the basis that "Dr.
Zavaletta, having accounted to the Hospital in regard to service provided by Dr.
Skulemowski, is not responsible for any sums that Dr. Skulemowski may owe to the
Hospital or its successor in interest under his Recruiting Agreement with the
[Hospital]." Accordingly, we overrule Dr. Skulemowski's third issue. 

3. Accounting

 By his second issue, Dr. Skulemowski asserts that the trial court erred in
granting Dr. Zavaletta's motions for summary judgment because Dr. Zavaletta failed
to render an accounting to Dr. Skulemowski. 

 In the order granting Dr. Zavaletta's second motion for summary judgment, the
trial court found the following:

 the accounting issue which existed between the parties in August 1999,
which is the subject of paragraph 5 . . . and the corresponding provision
of the Judgment is presently moot and [Dr. Zavaletta] is not responsible
for furnishing any additional accounting to Dr. Skulemowski in that [Dr.
Zavaletta] has rendered an accounting to the Hospital for the services
rendered by Dr. Skulemowski. 


The relevant portions of the Settlement Agreement and final judgment at issue contain
identical language. They both read as follows: 

 In this regard, Dr. Zavaletta agrees to render a complete and accurate
accounting for such services of Dr. Skulemowski to the Hospital and to
Dr. Skulemowski within 60 days from the date hereof, in order to insure
that Dr. Skulemowski receives all credit due to him under his agreement
with that Hospital. 


 It is certain from this language, Coker, 650 S.W.2d at 393, that both the parties
and the trial court intended for Dr. Zavaletta to render an accounting to the Hospital
and to Dr. Skulemowski. The word "render" is generally defined to mean "to give,
hand over, deliver, present, or submit." Webster's New Twentieth Century Dictionary
1530 (2nd ed. 1979). The word "accounting" is generally defined to mean "a
statement of debits and credits" or a "settling or balancing of accounts." Id. at 13. 
Since the purpose of the accounting in this circumstance was to "insure that Dr.
Skulemowski receives all credit due to him under his agreement with that Hospital,"
it is definite that the accounting referred to a statement of net collectable revenue
balanced against guarantee payments. Thus, this portion of the Settlement Agreement
and final judgment required Dr. Zavaletta to "give, hand over, deliver, present, or
submit," see id. at 1530, a statement of net collectable revenue balanced against
guarantee payments to the Hospital and to Dr. Skulemowski.

 Dr. Zavaletta argues that this accounting issue is moot because he presented
an accounting to the Hospital, and the Hospital in turn presented the accounting to Dr.
Skulemowski. Dr. Skulemowski, however, contends that the accounting issue is not
moot because Dr. Zavaletta has not presented the accounting to him directly, and
therefore, Dr. Zavaletta has not satisfied his obligation under the provision at issue. 
The word "moot" is generally defined to mean "having no practical significance" or
"hypothetical or academic." Black's Law Dictionary 456 (2nd pocket ed. 1996).

 The summary judgment record establishes that Dr. Zavaletta in fact rendered an
accounting to the Hospital; Dr. Skulemowski does not dispute such fact. In addition,
the record shows that the Hospital in turn rendered an accounting to Dr. Skulemowski. 
The accounting was attached to a letter from the Hospital's counsel to Dr.
Skulemowski. The letter stated that the Hospital had received audited figures from Dr.
Zavaletta's accountant and that it had accepted the audited figures as accurate. 
Furthermore, the figures contained in the accounting presented by the Hospital to Dr.
Skulemowski are identical to the figures contained in the accounting presented by Dr.
Zavaletta to the Hospital. Thus, to require Dr. Zavaletta, at this juncture, to directly
render an accounting to Dr. Skulemowski would indeed be an academic exercise, and
such an action would have no practical significance. Therefore, we conclude that the
trial court did not err in finding that "the accounting issue which existed between the
parties in August 1999, which is the subject of paragraph 5 . . . and the corresponding
provision of the Judgment is presently moot and [Dr. Zavaletta] is not responsible for
furnishing any additional accounting to Dr. Skulemowski in that [Dr. Zavaletta] has
rendered an accounting to the Hospital for the services rendered by Dr. Skulemowski." 
 Accordingly, we overrule Dr. Skulemowski's second issue. Having concluded
that the accounting issue is moot, we need not address a sub-issue relating to whether 
acceptance of the accounting by the Hospital excused Dr. Zavaletta from his obligation
to account to Dr. Skulemowski. See Tex. R. App. P. 47.1. 

C. Virtual Tax

 By his first issue, Dr. Skulemowski asserts that the trial court erred in granting
Dr. Zavaletta's first and second motion for summary judgment because it "requires
[Dr.] Skulemowski to pay a virtual tax to work for [Dr.] Zavaletta." However, Dr.
Skulemowski did not expressly raise his virtual tax theory in either of his responses to
Dr. Zavaletta's first and second motion for summary judgment. Therefore, we may not
consider this ground as a basis for reversing Dr. Zavaletta's first or second summary
judgment on appeal. See Tex. R. Civ. P. 166a(c); Clear Creek Basin Auth., 589
S.W.2d at 677-79.

 Accordingly, we overrule Dr. Skulemowski's first issue.

IV. Conclusion

 Accordingly, we affirm the judgments of the trial court.

 

 NELDA V. RODRIGUEZ

 Justice


Memorandum Opinion delivered and 

filed this 15th day of February, 2007.
1. In his notice of appeal, Dr. Skulemowski specified the dates of two summary judgments that
he desired to challenge on appeal. Those dates correspond to two summary judgments that were
granted in relation to a 2001 suit to which Dr. Skulemowski and Dr. Zavaletta were parties. However,
on appeal, Dr. Skulemowski attempts to challenge a third summary judgment which was granted in a
2003 suit filed by Dr. Skulemowski against Dr. Zavaletta. Because Dr. Skulemowski did not appeal from
the third summary judgment in his notice of appeal, we will not address his fifth issue relating to that
third motion for summary judgment. See Tex. R. App. P. 25.1(b), (d).
2. Based on the Associate Agreement, such payments were to be assigned by Dr. Skulemowski
to Dr. Zavaletta.
3. Net collectable revenue was defined in the addendum as an amount equal to the following:


 (i) the amount of the Gross Cash Receipts during the Guarantee Period
plus (ii) an amount equal to all patient bills not yet issued by [Dr.
Skulemowski] for services rendered during the Guarantee Period plus (iii)
an amount equal to [Dr. Skulemowski's] accounts receivable remaining
uncollected at the end of the Guarantee Period, less forty percent (40%)
of the amounts in (ii) and (iii) for contractual allowances and bad debts.
4. The non-competition clause contained in the Associate Agreement prohibited Dr. Skulemowski
from engaging in the practice of obstetrics and gynecological medicine in Cameron County, Texas,
during the term of the Agreement and for a period of two years after termination of the Agreement. 
5. The construction of paragraph five of the Settlement Agreement and the corresponding section
in the final judgment served as the basis for Dr. Zavaletta's second motion for summary judgment.
6. Based on the assignment of the Hospital's rights in the suit to Dr. Zavaletta, the trial court
dismissed the Hospital from the suit and substituted Dr. Zavaletta as the plaintiff in the suit.
7. The trial court also found that paragraph five of the Settlement Agreement and the
corresponding provision of the final judgment were clear and unambiguous and that extrinsic evidence
was not permitted to assist in their construction. These findings are not challenged on appeal.
8. To the extent that Dr. Skulemowski attempts to challenge the grant of Dr. Zavaletta's first
motion for summary judgment on this basis, we conclude the briefing is inadequate. See Tex. R. App.
P. 38.1(h). Thus, we will not consider such an assertion.