COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-467-CV

 

 

IN THE
INTEREST OF A.A., 

A MINOR CHILD                                                                                  

 

                                              ------------

 

             FROM THE 89TH
DISTRICT COURT OF WICHITA COUNTY

 

                                              ------------

 

                   MEMORANDUM OPINION[1] ON REHEARING

 

                                              ------------

 

On July 10, 2008, this Court issued an opinion
dismissing the appeal.  Appellant the
Office of the Attorney General filed a motion for rehearing.  After due consideration, we deny the Office
of the Attorney General=s motion for rehearing, but we
withdraw our opinion and judgment dated July 10, 2008, and substitute the
following.  Our disposition of this case
remains unchanged.

I.  INTRODUCTION








The primary issue we address in this appeal is
whether the Office of the Attorney General was a party in the underlying
suit.  The underlying suit was initiated
by the Texas Department of Family and Protective Services (ATDFPS@) to
obtain temporary managing conservatorship of baby A.A.  For the reasons set forth below, we sustain
the first issue presented by the Office of the Attorney General, contending
that it was not a party in the trial court, and consequently, because a
nonparty has no standing to pursue an appeal, we dismiss this appeal.

II.  FACTUAL
AND PROCEDURAL BACKGROUND

This convoluted tale began in November 2005 when
TDFPS filed a petition seeking temporary managing conservatorship of A.A., the
daughter of then seventeen-year-old Appellee A.B. (referred to hereafter as
A.B. or mother).  TDFPS=s
petition specifically sought temporary and, ultimately, permanent payment of
child support by A.A.=s mother and father.  In paragraph four of the petition, TDFPS
alleged that

[t]he Attorney General=s office will be served
by mail under Rule 21a, Texas Rules of Civil Procedure at P.O. Box 12017,
Austin, Texas 78711-2017, pursuant to ' 102.009(d), Texas Family Code.

 








The trial court granted TDFPS=s
emergency petition and eleven days later conducted an adversary hearing.  At the conclusion of that hearing, the trial
court issued temporary orders that instructed A.A.=s mother
and father to pay child support and to make such payments Athrough
the Child Support Division of the Office of the Texas Child Support
Disbursement Unit@ and provided an address.

Unbeknownst at this point to the parties,
however, a typographical mistake existed in the trial court=s
temporary order, and A.A.=s mother and father were ordered
to begin making child support payments in January 2005 (eleven
months before A.A. was born) instead of in January 2006.  Subsequently, mother=s
counsel filed a motionCagreed to by counsel for TDFPSCto
suspend mother=s child support payments because
seventeen-year-old mother was herself under the managing conservatorship of
TDFPS and was still attending high school. 
The trial court and counsel for both mother and TDFPS signed an agreed
order suspending mother=s child support obligations.

Approximately three months later, mother received
a bill from the Office of the Attorney General for past due child support
payments, plus interest.  The bill was
apparently generated based on the trial court=s
initial temporary order that contained the typographical error because the bill
reflected that mother owed past due child support for 2005Cbefore
A.A. was even born.








As a result of receiving this bill for Apast due@ child
support and interest accruing before baby A.A.=s birth,
mother filed a motion to amend the temporary order on the ground that the trial
court had mistakenly set the support payments to begin in January 2005 prior to
A.A.=s
birth.  Mother sought to amend the order
to reflect a January 1, 2006 start date for child support payments.  The trial court granted this motion on April
19, 2006, and ordered that mother=s and
father=s child
support obligation commenced January 1, 2006 (as opposed to 2005), and that Athe
Texas Office of the Attorney General correct its records to reflect the amended
orders and cancel any arrears alleged to be due for the calendar year 2005.@  That same day, counsel for mother faxed a
copy of the trial court=s amended order to Angela Ware
at the Office of the Attorney General=s
Wichita Falls Child Support Unit.

Approximately one month later, on May 16, 2006,
TDFPS filed a Permanency Plan and Progress Report stating that the goal of the
plan was family reunification.  TDFPS
recommended that the suit be continued as opposed to dismissed but also set a
May 19, 2006 (three days after TDFPS filed the permanency plan) date for
achievement of the permanency plan.  The
trial court heldCas TDFPS requestedCa May
19, 2006 hearing, adopted the provisions of TDFPS=s
permanency plan, and ordered that TDFPS=s suit
be dismissed.








On May 21, 2006, the Office of the Attorney
General sent mother another bill for past due child support, seeking the same
payment it had previously sought based on the prior temporary order containing
the typographical error.  The document
mailed by the Office of the Attorney General was titled ANotice
of Intent to Report@ and informed mother that A[o]ur
office intends to report@ mother=s unpaid
child support (for the year of 2005 before A.A. was born) Ato
credit reporting agencies@ and that A[p]ayment
in full will not remove the history of this debt from your record.@  The bill/notice of intent to report instructs
mother that A[i]f the amount of support
reported by the Office of the Attorney General is not correct, please contact
the child support office listed below.@  The bill/notice of intent to report lists the
following as the child support office for mother to contact:

CHILD SUPPORT UNIT 0104E

813 8th
Street, 3rd FLR

PO Box 5067

WICHITA FALLS, TX
76307-9971

(940)322-2557

The record reflects that this is the same office to which mother=s
counsel previously faxed a copy of the amended temporary order.








In light of the continued efforts of the Office
of the Attorney General to collect allegedly past due child support from
mother, four days after receipt of the bill/notice of intent to report, mother
filed a motion to enforce the amended temporary order that had ordered mother=s and
father=s child
support obligation to commence January 1, 2006 (as opposed to 2005) and that
had ordered Athe Texas Office of the Attorney
General [to] correct its records to reflect the amended orders and cancel any
arrears alleged to be due for the calendar year 2005.@  Mother mailed via certified mail return
receipt requested the motion to enforce to the Office of the Attorney General
at the Wichita Falls address set forth above and provided in the bill/notice of
intent to report sent to mother.

On June 12, 2006, the trial court conducted a
hearing on mother=s motion to enforce.  The Office of the Attorney General did not
appear at the hearing.  The trial court
signed a June 13, 2006 AOrder on Motion to Enforce@
granting mother=s motion to enforce and ordering
Athe
Texas Office of the Attorney General [to] correct its records to reflect the
amended orders and cancel any arrears alleged to be due for the calendar year
2005 from either parent . . . no later than ten (10) days from the date of this
Order,@ to Aissue
written confirmation of the cancellation@ to
mother and father, and to Acompensate
[mother=s
attorney] in the amount of $1000.00 for her attorney fees.@  The Attorney General timely filed a notice of
appeal.

III.  THE OFFICE OF
THE ATTORNEY GENERAL
IS A NONPARTY








In its first issue, the Office of the Attorney
General contends that the trial court did not have jurisdiction over it because
it was not a party to the suit.  Mother
claims, however, that the Office of the Attorney General was properly before
the trial court because Texas Family Code section 102.009 provides that upon
the filing of a petition in an original suit that requests the establishment of
a support right assigned to the Attorney General, as the Title IV-D agency,[2]
Anotice
shall be given to the Title IV-D agency in a manner provided by Rule 21(a),
Texas Rules of Civil Procedure.@  See TEX. FAM. CODE ANN. '
102.009(d).[3]  And local rules for Wichita County require
that each order providing for child support shall include, and be deemed to
include, an application for child support services provided by the Attorney
General.  WICHITA COUNTY (TEX.) DIST. CT. LOC. R.
5.4(a).  Thus, mother argues that TDFPS
was required to provide the Office of the Attorney General with Anotice@ of its
suit seeking temporary managing conservatorship of baby A.A. and that this
notice properly placed the Office of the Attorney General before the trial
court.[4]













As the Office of the Attorney General points out,
neither TDFPS nor A.A.=s mother or father sued the
Office of the Attorney General or asserted any claims against it (other than
the subsequently filed motion to enforce). 
Accord Reynolds v. Haws, 741 S.W.2d 582, 588B89 (Tex.
App.CFort
Worth 1987, writ denied) (stating that A[w]e
hold that an entity is not a party to a lawsuit without being so named@).  And other statutes, similar to family code
section 102.009(d), that require notice of a suit to be given to the Office of
the Attorney General by providing a copy of the petition have not been
construed to automatically make the Office of the Attorney General a Aparty@ to
every such suit.  See, e.g., TEX. CIV. PRAC. &
REM. CODE ANN. ' 37.006(b) (Vernon 1997)
(requiring that in a declaratory relief proceeding in which a statute is
alleged to be unconstitutional, the Attorney General be served with a copy of
the proceeding); TEX. PROP. CODE ANN. ' 123.004(a)
(Vernon 2007) (providing that a judgment in a proceeding involving a charitable
trust is voidable if the Attorney General is not given notice of the
proceeding).  Instead, once the Office of
the Attorney General is notified of such a suit, it may choose to intervene and
participate or to not do so.  See,
e.g., City of San Antonio v. Summerglen Prop. Owners Ass'n Inc., 185 S.W.3d
74, 87 (Tex. App.CSan Antonio 2005, pet. denied)
(recognizing counterclaim for a declaratory judgment that H.B. 585 was
unconstitutional could not be set or ruled on because Attorney General had not
yet been permitted the required forty-five days= notice
to intervene); State v. Fernandez, 159 S.W.3d 678, 688 (Tex. App.CCorpus
Christi 2004, no pet.) (recognizing Attorney General may intervene in a
proceeding involving a charitable trust); Lone Starr Multi Theatres, Inc. v.
State, 922 S.W.2d 295, 298 (Tex. App.CAustin
1996, no writ) (holding fact that the Attorney General must be given notice of
a suit to declare a statute unconstitutional does not suggest that the Attorney
General is the proper party to sue in an action for declaratory or injunctive
relief).

Additionally, the Office of the Attorney General
was not, under rule 39 of the rules of civil procedure, a Aperson
needed for just adjudication@ in TDFPS=s filed
suit for temporary managing conservatorship of baby A.A.  See Tex.
R. Civ. P. 39.  Nor did the Office
of the Attorney General file any type of pleading in TDFPS=s
suit.  Under these circumstances, we hold
that the Office of the Attorney General was not a party to the suit.  We sustain the Office of the Attorney General=s first
issue.

 

 








IV.  Nonparty May Not Pursue an Appeal of an Order

Generally, only parties to an action have
standing to appeal.  Marino v. Ortiz,
484 U.S. 301, 302B04, 108 S. Ct. 586, 587B88
(1988); Cont=l Cas. Co. v. Huizar, 740
S.W.2d 429, 430 (Tex. 1987); Times Herald Printing Co. v. Jones, 730
S.W.2d 648, 649 (Tex. 1987); Gunn v. Cavanaugh, 391 S.W.2d 723, 725
(Tex. 1965).  A nonparty may properly
become a party for purposes of appealing an adverse final judgment by
intervening in the action.  Marino,
484 U.S. at 302B04, 108 S. Ct. at 587B88.








Here, however, the Office of the Attorney General
is not attempting to appeal a final judgment. 
Instead, the Office of the Attorney General is attempting to appeal from
an ancillary trial court order entered during the trial court=s
plenary power.  The order on the motion
to enforce that the Office of the Attorney General is attempting to appeal does
not purport to dispose of all parties and all issues; thus, it is not a final
judgment.  See N. E. ISD v. Aldridge,
400 S.W.2d 893, 897B98 (Tex. 1966).  Because the Office of the Attorney General is
a nonparty attempting to appeal an order, not a final judgment, any remedy
available is via mandamus.  See, e.g.,
In re Bain, 144 S.W.3d 236, 239 (Tex. App.CTyler
2004, orig. proceeding) (applying propositionCthat a
nonparty may obtain relief from a trial court order by way of petition for writ
of mandamusCto discovery order); Carriere
v. Shuffield, 949 S.W.2d 862, 863 (Tex. App.CBeaumont
1997, orig. proceeding) (same).[5]  We hold that, as a nonparty that did not
intervene or appear in the underlying suit, the Office of the Attorney General
possesses no right to appeal the order on the motion to enforce.  Accordingly, we will dismiss this
appeal.  See TEX. R. APP. P. 43.2(f).

V.  CONCLUSION

Having sustained the first issue presented by the
Office of the Attorney General, arguing that it was not a party to the suit in
the trial court, and having determined that the Office of the Attorney General,
as a nonparty, lacks standing to pursue an appeal of the order on the motion to
enforce, we dismiss this appeal.  In
light of this disposition, we need not address the other issues presented by
the Office of the Attorney General.  See
TEX. R. APP. P. 47.1 (requiring appellate
court to address only issues necessary for disposition of the appeal).

 

SUE
WALKER

JUSTICE

 

PANEL:  LIVINGSTON, WALKER, and MCCOY, JJ.

 

DELIVERED:  August 14, 2008











[1]See TEX. R. APP. P. 47.4.





[2]See TEX. FAM. CODE ANN. ' 231.001 (Vernon 2002)
(establishing the Attorney General as the Title IV-D agency).





[3]The Attorney General is
also entitled to receive service of citation Aif the petition requests
the termination of the parent‑child relationship and support rights have
been assigned to the [Attorney General] under Chapter 231.@  TEX. FAM. CODE ANN. ' 102.009(a)(11) (Vernon Supp. 2007).  TDFPS=s petition here did not seek termination, so the
Attorney General was not entitled to service under Texas Family Code section
102.009(a)(11).





[4]The record reflects that
TDFPS provided the required notice to the Office of the Attorney General.  The initial April 8, 2006 bill sent by the
Attorney General=s Office to mother
indicates in the upper right-hand corner of the bill that it is for ACause Number: 10758JRC.@  That is the cause number assigned to TDFPS=s original petition in
its suit for temporary managing conservatorship of baby A.A.  The ability of the Office of the Attorney
General to insert mother into its Title IV-D agency system for collection of
child support and to generate a bill with the present cause number on it
indicates that the Office of the Attorney General was properly served or, at
least, received a copy of the initial temporary order and was fully aware of
the suit; without notice of the suit, the Attorney General=s office could not have taken
this action.





[5]The Office of the
Attorney General urges us to hold that it possesses a right of appeal.  Such a holding, however, would mean that the
Office of the Attorney General should have appealed the earlier April 19, 2006
order requiring the Office of the Attorney General to correct its records and
will in the future be required to immediately appeal each and every such
similar order.